NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4232
_____

UNITED STATES OF AMERICA

v.

DAVID IRVIN,
Appellant

_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 1-03-cr-00207-001)
District Judge: Honorable Sylvia H. Rambo
_____

Submitted Under Third Circuit LAR 34.1(a)
May 27, 2011

Before:  McKEE, Chief Judge, SCIRICA and RENDELL, Circuit Judges

(Opinion Filed June 14, 2011)
_____

OPINION OF THE COURT
_____

RENDELL, Circuit Judge.

Defendant David Irvin appeals an order of the District Court revoking his

supervised release.  Irvin's counsel filed a brief arguing that all of the potential issues for

appeal are frivolous and requesting permission to withdraw under *Anders v. California*,

386 U.S. 738 (1967).  We disagree with counsel's assessment of Irvin's appeal and,

following the procedure outlined in *United States v. Youla*, 241 F.3d 296, 302 (3d Cir.

2001), will discharge current counsel, appoint substitute counsel, restore the case to the calendar, and order supplemental briefing in accordance with this opinion.

## I.

After entering a guilty plea on a charge of possession of a stolen firearm in violation of 18 U.S.C. § 922(j), Irvin was sentenced to 57 months in prison, to be followed by three-year term of supervised release. He was released from prison, and entered supervised release, on November 1, 2007. A general condition of Irvin's release was that he not commit another federal, state, or local crime. On June 8, 2010, the United States Probation Office petitioned for revocation of Irvin's release for violating that condition based on Irvin's May 27, 2010 arrest and subsequent state-law charge with delivery of a controlled substance and criminal use of a communication facility.

The District Court held a revocation hearing on October 13, 2010. The government presented criminal complaints and dockets from the Dauphin County Court of Common Pleas documenting charges arising out of the May 27 arrest and another, earlier arrest, also involving drugs. One of the complaints includes a probable-cause affidavit from a narcotics agent. The government did not present testimony from the probation officer, the narcotics agent, or from any officer who was involved in the underlying arrests. Irvin testified at the hearing that he did not commit the crimes, and defense counsel argued that the documents presented by the government were insufficient to meet the government's burden of proof because, among other things, Irvin had no opportunity to cross-examine the arresting officers. The District Court disagreed and

issued an order revoking Irvin's supervised release and sentencing him to another 24 months in prison.

Irvin appealed the revocation order to our Court. His attorney filed an *Anders* brief identifying only one issue for appeal: whether the government presented sufficient evidence at the hearing to support the District Court's revocation order. In two-and-a-half pages of argument, the attorney concluded that the issue was frivolous because "the real issue is that the evidence must be reliable," Appellant's Br. 10 (citing *United States v. Stephenson*, 928 F.2d 728, 733 (6th Cir. 1991)), and, in this case, "[t]here is no question that" the criminal complaints and docket information the government presented "is reliable," *id.* at 11. The attorney noted, further, that he "could have attempted to call the police officers and any informants involved" in the May 27 and April 9 arrests, *id.*, but that the officers' testimony "would have undoubtedly been consistent with the information that was provided in the Affidavits of Probable Cause and Criminal Complaint" and the informants "would probably not have been required to testify by the Lower Court," *id.* at 12. Irvin's counsel subsequently moved to withdraw from his representation. Irvin has not filed a *pro se* brief in support of his appeal.

## II.

When counsel submits an *Anders* brief, our inquiry is "twofold: (1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." *Youla*, 241 F.3d at 300. The *Anders* brief in this case founders on both prongs.

3

First, counsel's brief is woefully inadequate. For one thing, it is difficult to tell from this record (which, unlike in *Youla*, does not contain a helpful *pro se* brief) whether counsel has identified all of the possible issues for appeal. And, more importantly, it is clear that he did *not* urge what appears to us to be the best argument on appeal, namely the lack of reliable evidence to support the conclusion that Irvin had committed another crime. Counsel's unsupported speculation about what may or may not have happened if he had "attempted to call the police officers and any informants involved" in the incidents that the District Court ultimately found justified the revocation of Irvin's supervised release is clearly insufficient. Furthermore, the two-and-a-half page argument section does not cite any cases from this Court or even mention Irvin's right to cross-examine those officers, even though counsel presumably was aware of that right, since he alluded to it during the revocation hearing. In short, here, as in *Youla* and in *United States v. Marvin*, 211 F.3d 778, 781 (3d Cir. 2000), "[c]ounsel simply has not provided sufficient indicia that he thoroughly searched the record and the law in service of his client."

Second, we are unwilling to conclude that Irvin's appeal is frivolous in light of the Federal Rules of Criminal Procedure that govern revocation hearings and our decision in *United States v. Lloyd*, 566 F.3d 341 (3d Cir. 2009). In *Lloyd*, we explained that defendants in revocation procedures enjoy limited due-process rights to confront and cross-examine adverse witnesses. *Id.* at 343 (citing and quoting *Morrissey v. Brewer*, 408 U.S. 471, 488-89 (1972)). We observed that the Federal Rules of Criminal Procedure specifically guarantee such defendants "'an opportunity to appear, present evidence, and *question any adverse witness* unless the court determines that the interest

4

of justice does not require the witness to appear.'" *Id.* (quoting Fed. R. Crim. P. 32.1(b)(2)(c) (emphasis added)). And we held a district court must weigh "[t]he reliability of proffered hearsay" against "the releasee's interest in confrontation" when considering whether a particular defendant has a right to cross-examine adverse witnesses in a particular case. *Id.* at 344-45. In this case, as in *Lloyd*, the District Court revoked Irvin's supervised release based on documents proffered by the government, without any live testimony and without considering Irvin's interest in confronting the officers or informants who were involved in his arrests. At a minimum, *Lloyd*'s application to this case raises a colorable issue for appeal, which any attorney representing Irvin must address.

## III.

For the foregoing reasons, we will reject Irvin's current counsel's *Anders* brief. We will grant current counsel's motion to withdraw, order the Clerk to discharge him, appoint substitute counsel, restore the case to the calendar, and set a new briefing schedule. *See Youla*, 241 F.3d at 302.