**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1399
_____

UNITED STATES OF AMERICA

v.

MARK ALLEN

Mark Allen,
                    Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 3-07-cr-00016-001)
District Judge: Honorable James M. Munley
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
October 25, 2012

Before:   HARDIMAN, GREENAWAY, JR., and VANASKIE, *Circuit Judges.*

(Filed: January 30, 2013)
_____

OPINION
_____

VANASKIE, *Circuit Judge.*

Appellant Mark Allen pled guilty to traveling in interstate commerce with the

intent to promote, manage, and carry on the distribution of cocaine base in violation of 18

U.S.C. § 1952(a)(3)(A), a Class D felony, *see* 18 U.S.C. § 3559(a)(4), and was sentenced

to prison for four years and a supervised release term of three years. Shortly after his supervised release term commenced, Allen engaged in new criminal conduct, resulting in revocation of supervised release and a new prison term of 18 months. His appeal from the revocation of supervised release is before us on a brief submitted by his attorney pursuant to *Anders v. California*, 386 U.S. 738 (1967). Counsel for Allen asserts that there are no non-frivolous issues on appeal. Allen, although informed of his right to file a brief on his own behalf, has not done so. Having reviewed the record, we agree with Allen's counsel. Accordingly, we will affirm the District Court's judgment and grant counsel's motion for leave to withdraw.

## I.

We write primarily for the parties, who are familiar with the facts and procedural history of this case. Accordingly, we set forth only those facts necessary to our analysis.

Merely three months after his release from prison on January 26, 2010, Allen was arrested and charged with multiple state law violations. The charges stemmed from the sale of crack cocaine and heroin to a confidential informant. Allen ultimately pled guilty to possession with intent to deliver a controlled substance and was sentenced to 27 to 60 months' imprisonment.

The Probation Office in the Middle District of Pennsylvania petitioned for revocation of Allen's supervised release on the basis of his new criminal conduct, as well as Allen's travel outside the district of his supervision without permission and his association with a felon. Immediately following the resolution of his state charges, Allen sought disposition of the petition for revocation of his supervised release. Due to a move

2

to state prison, however, such efforts were unavailing. It was not until January 31, 2012 that Allen's revocation hearing was held. By this time, Allen had been approved to be paroled on his state sentence. During the revocation hearing, Allen admitted to the violations.

The advisory guidelines imprisonment range for Allen's violation of the conditions of supervised release would have been 33 to 41 months based upon the fact that his new criminal conduct qualified as a Grade A supervised release violation and Allen's criminal history category was level VI. *See* U.S.S.G. § 7B1.4(a) (2011). However, because the offense that resulted in the supervised release term – traveling in interstate commerce with the intent to promote, manage, and carry on the distribution of cocaine base – is classified as a Class D felony, the maximum term of imprisonment that could be imposed for the violation of supervised release was 24 months, s*ee* 18 U.S.C. § 3583(e)(3), which became the advisory guidelines range. Allen sought a sentence of less than 24 months, explaining that his involvement in the new criminal conduct occurred after he relapsed into using narcotics due to the financial stress caused by the loss of a substantial amount of money in a failed business venture with his boss. Allen also offered as justifications for a lower sentence his cooperation with law enforcement and the delay in the revocation hearing, effectively barring Allen from requesting concurrent terms of imprisonment for the state offense and supervised release violations. Finally, Allen pleaded that his participation in a substance abuse treatment program warranted leniency.

3

The District Court considered Allen's rehabilitation efforts and imposed a sentence below the maximum term of 24 months. Allen was sentenced to 18 months' imprisonment, consecutive to his state term. Allen appealed.

II.

The District Court had jurisdiction under 18 U.S.C. § 3231, and we have appellate jurisdiction under 28 U.S.C. § 1291.

A.

Pursuant to *Anders,* counsel for a defendant may seek to withdraw if, after reviewing the District Court record, he or she is "persuaded that the appeal presents no issue of even arguable merit." *See* 3d Cir. L.A.R. 109.2(a). Specifically, counsel must "(1) . . . satisfy the court that counsel has thoroughly examined the record in search of appealable issues, and (2) . . . explain why the issues are frivolous." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001) (citation omitted). Although not every conceivable claim need be raised and rejected, counsel "must meet the 'conscientious examination' standard set forth in *Anders*." *Id.* When presented with an *Anders* brief, we engage in a two-step analysis to consider: "(1) whether counsel adequately fulfilled [Third Circuit Local Appellate Rule 109.2(a)'s] requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." *Id.* (citation omitted). If we find that "the *Anders* brief initially appears adequate on its face," the second step of the inquiry will be "confine[d] . . . to those portions of the record identified by . . . [the] *Anders* brief." *Id.* at 301. If this Court agrees with counsel's assessment of the appealable issues, we "will grant trial counsel's *Anders* motion and

dispose of the appeal without appointing new counsel." *Id*. at 300 (quoting 3d Cir. L.A.R. 109.2(a)). When reviewing an *Anders* motion, we exercise plenary review. *See Simon v. Gov't of Virgin Islands*, 679 F.3d 109, 114 (3d Cir. 2012).

B.

Allen's counsel raises three issues: (1) the District Court's jurisdiction; (2) the sufficiency of the evidence of a supervised release violation; and (3) the reasonableness of the sentence imposed. After a thorough review of the record, we agree with Allen's counsel that this case presents no issues of even arguable merit.

1.

The Sentencing Reform Act of 1984 gives district courts authority to modify, extend, terminate, or revoke a term of supervised release. 18 U.S.C. § 3583(e). Allen's original conviction involved conduct taking place, in part, in the Middle District of Pennsylvania. Allen was sentenced for those violations in the Middle District of Pennsylvania. Although Allen's probation officer was located in the Eastern District of Pennsylvania, jurisdiction was never transferred to that District. Allen's new violation occurred in the Middle District of Pennsylvania. Because the Middle District of Pennsylvania plainly had jurisdiction to revoke the supervised release it had imposed, there is no non-frivolous basis for challenging the jurisdiction of the District Court.

2.

Supervised release may be revoked based upon a finding by a preponderance of the evidence that a condition of supervision has been violated. *See* 18 U.S.C. § 3583(e); *United States v. Maloney*, 513 F.3d 350, 354 (3d Cir. 2008). Allen was given notice of

5

the violations with which he was charged prior to the revocation hearing. Allen admitted to a Grade A violation and other technical violations. Even if Allen had not admitted to the violation, proof of a subsequent state court criminal conviction is more than sufficient to establish a Grade A violation. *See United States v. Lloyd*, 566 F.3d 341, 344 (3d Cir. 2009) (finding that Lloyd's guilty plea to a charge of felon in possession was sufficient to establish a violation and thus justify revocation). Therefore, there is no non-frivolous basis for challenging the sufficiency of the evidence for revocation of supervised release.

3.

The District Court accepted Allen's mitigation arguments and varied downward from the advisory guidelines imprisonment range of 24 months, to a sentence of 18 months. Specifically, the District Court stated that Allen had "impressed [the Court]" with his positive attitude and the Court noted that he "seem[ed] to be trying to change [his] life around." (A. 44.)

A sentence for violation of supervised release is imposed "primarily to sanction the defendant's breach of trust 'while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator.'" *United States v. Bungar*, 478 F.3d 540, 544 (3d Cir. 2007) (quoting *United States v. Dees*, 467 F.3d 847, 853 (3d Cir. 2006)). The sentencing court must also take into consideration the policy statements set forth in Chapter 7 of the Guidelines. *Id.* The sentence imposed in this case reflects a careful consideration of the pertinent factors.

The District Court was also within its discretion to impose a prison term consecutive to Allen's state sentence. *See generally United States v. Swan*, 275 F.3d 272,

6

283 (3d Cir. 2002) (district court has discretion to impose a consecutive versus a concurrent term of incarceration under § 7B1.3(f)). Consequently, there is no non-frivolous basis for challenging the reasonableness of the District Court's revocation sentence.

III.

For the foregoing reasons, we will affirm the judgment and sentence of the District Court and grant defense counsel's motion to withdraw. Counsel is also relieved of any obligation to file a petition for a writ of certiorari in the Supreme Court. *See* L.A.R. 109.2(b).