

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-27-2009

# USA v. Ashbert Lloyd, Jr.

Precedential or Non-Precedential: Precedential

Docket No. 08-2513

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Ashbert Lloyd, Jr." (2009). *2009 Decisions.* Paper 1268.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1268

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————

No. 08-2513

————

UNITED STATES OF AMERICA

v.

ASHBERT S. LLOYD, Jr.,
                    Appellant

————

On Appeal from the United States District Court
for the District of the Virgin Islands
(D.C. No. 98-cr-00223)
District Judge: Honorable Juan R. Sanchez

————

Argued April 21, 2009
Before: BARRY, HARDIMAN and COWEN, *Circuit Judges*.

(Filed: May 27, 2009)

Jason T. Cohen [Argued]
Office of United States Attorney
United States Courthouse
5500 Veterans Building, Suite 260

Charlotte Amalie, St. Thomas
USVI, 00802-6924
    *Attorney for Appellee*

Jesse A. Gessin [Argued]
Office of Federal Public Defender
P.O. Box 1327, 51B Kongens Gade
Charlotte Amalie, St. Thomas
USVI, 00804-0000
    *Attorney for Appellant*

---

OPINION OF THE COURT

---

HARDIMAN, *Circuit Judge*.

At issue in this appeal is hearsay evidence presented during Appellant Ashbert Lloyd's supervised release revocation hearing.

I.

While on supervised release for a crime he committed in the United States Virgin Islands, Lloyd pleaded guilty in Duval County, Florida to possession of a firearm by a convicted felon in violation of Florida law. After the Virgin Islands probation office was notified of Lloyd's guilty plea, the District Court summoned Lloyd to St. Thomas for a revocation hearing.

2

At the hearing, Lloyd refused to stipulate that he had violated his conditions of supervised release. Accordingly, the Government offered the following into evidence: (1) a violation report prepared by a Duval County probation officer; (2) a petition for a warrant to arrest Lloyd for violating the terms of his supervised release; (3) the testimony of the Virgin Islands probation officer who received the violation report; and (4) the judgment and plea agreement from Lloyd's state conviction.

The violation report relied on information provided by an officer of the Duval County Sheriff, who described a physical altercation between Lloyd and his pregnant girlfriend during which Lloyd brandished a gun at a passerby. Neither the probation officer who authored the report nor any representative of the Duval County Sheriff testified at Lloyd's revocation hearing.

Lloyd objected to both the violation report and the warrant petition, arguing that they were inadmissible hearsay. Without analysis or explanation, the District Court overruled Lloyd's objections after the Government's attorney responded that "this is a revocation hearing, and I think hearsay is permitted." App. 33.

Based on the evidence presented at the hearing, the District Court found that Lloyd violated the terms of his supervised release by: (1) committing aggravated domestic battery; (2) possessing a firearm; and (3) failing to notify his probation officer within 72 hours after arrest or questioning by a law enforcement officer. The aggravated domestic battery is a Grade A violation under the United States Sentencing

3

Guidelines (USSG); possession of the firearm is a Grade B violation; and the failure to notify is a Grade C violation.[1]

Section 7B1.4 of the Guidelines establishes imprisonment ranges upon revocation of supervised release that take into account the grade of violation and the violator's criminal history. Because one who commits multiple violations is sentenced based on the most severe violation, *see* USSG § 7B1.1, Lloyd's Guidelines range of 12-18 months was dictated by his Grade A violation for aggravated domestic battery. The District Court imposed an 18-month sentence and Lloyd filed this timely appeal.[2]

## II.

The question presented is whether Lloyd's sentence was based on improper hearsay evidence. Since the Federal Rules of Evidence do not apply in revocation hearings, *see* FED. R. EVID. 1101(d)(3), hearsay that would be inadmissible at a criminal trial may support a judge's decision to revoke supervised release. This does not mean, however, that hearsay evidence is *ipso facto* admissible. Due process requires that supervised releasees retain at least a limited right to confront adverse witnesses in a

---

[1] The District Court erroneously classified the firearm violation as Grade A. On appeal, the Government concedes that this was a mistake.

[2] We have jurisdiction pursuant to 28 U.S.C. § 1291.

revocation hearing. *See Morrissey v. Brewer*, 408 U.S. 471, 488-89 (1972).

In *Morrissey*, the Supreme Court held that a parolee's liberty cannot be revoked without due process and the minimum requirements of a revocation proceeding include "the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation)." 408 U.S. at 489. This limited right to confrontation stems from the Fifth Amendment's Due Process Clause, not from the Confrontation Clause of the Sixth Amendment. *See Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973).

*Morrissey's* requirements have been incorporated into Federal Rule of Criminal Procedure 32.1(b), which governs revocation proceedings. *See United States v. Maloney*, 513 F.3d 350, 356 (3d Cir. 2008). Subsection (2)(c) of Rule 32.1(b) guarantees "an opportunity to appear, present evidence, and question any adverse witness unless the court determines that the interest of justice does not require the witness to appear." FED. R. CRIM. PROC. 32.1(b)(2)(C). The Advisory Committee Notes state that Rule 32.1(b)(2)(C) "recognize[s] that the court should apply a balancing test at the hearing itself when considering the releasee's asserted right to cross-examine adverse witnesses. The court is to balance the person's interest in the constitutionally guaranteed right to confrontation against the government's good cause for denying it."

III.

5

Lloyd's firearm violation is supported by non-hearsay evidence (the Duval County judgment and plea agreement) and is not in dispute. This violation suffices to justify revocation of Lloyd's supervised release, so the only issue on appeal is the proper calculation of his Guidelines range and the length of his new sentence. Lloyd's 12-18 month Guidelines range was based on his most severe relapse, a Grade A violation for aggravated domestic battery. Absent this violation, his Guidelines range would have been 4-10 months (based on his Grade B firearm violation). The issue is therefore whether the out-of-court statements supporting Lloyd's aggravated domestic battery violation were properly admitted.

The admissibility of hearsay evidence under Rule 32.1(b)(2)(C) is generally reviewed for abuse of discretion, *United States v. Williams*, 443 F.3d 35, 46 (2d Cir. 2006), but in this case the District Court made no attempt to conduct the analysis required by Rule 32.1(b). At the Government's suggestion, the Court erroneously assumed that hearsay is categorically admissible in revocation proceedings. Accordingly, our review is *de novo*. *See United States v. Martin*, 382 F.3d 840, 845-46 (8th Cir. 2004) (in light of district court's utter failure to analyze hearsay evidence, conducting independent assessment based on the record).

Most of our sister circuit courts of appeals have interpreted *Morrissey* and Rule 32.1(b) to require a balancing test similar or identical to the Advisory Committee Notes, which consider both the reliability of proffered hearsay and the cause why a witness is not produced. *See United States v. Taveras*, 380 F.3d 532, 537 (1st Cir. 2004) (unreliable hearsay

inadmissible under Rule 32.1(b)(2)(C)); *United States v. Williams*, 443 F.3d 35, 46 (2d Cir. 2006) (no abuse of discretion in admission of hearsay after balancing reliability and cause); *Barnes v. Johnson*, 184 F.3d 451, 454 (5th Cir. 1999) (district court must balance reliability and cause); *United States v. Martin*, 382 F.3d 840, 846 (8th Cir. 2004) (hearsay admissible because reliable and cause shown for declarant's absence); *United States v. Comito*, 177 F.3d 1166, 1171-72 (9th Cir. 1999) (hearsay inadmissible because unreliable and Government failed to prove the cause asserted for declarant's absence); *United States v. Frazier*, 26 F.3d 110, 114 (11th Cir. 1994) (district court erred in failing to establish both reliability and cause).

A few courts of appeals allow sufficiently reliable hearsay evidence without a showing of cause for the declarant's absence. *See United States v. Kelley*, 446 F.3d 688, 692 (7th Cir. 2006) (no need to show cause for absence to admit substantially trustworthy hearsay); *Crawford v. Jackson*, 323 F.3d 123, 131 (D.C. Cir. 2003) (hearsay admissible because reliable, no cause analysis); *Kell v. United States Parole Comm'n*, 26 F.3d 1016, 1020 (10th Cir. 1994) (suggesting that sufficiently reliable hearsay may be admissible without a showing of cause). The Seventh Circuit "treats a finding of 'substantial trustworthiness' as the equivalent of a good cause finding for the admission of hearsay in the revocation context." *Kelley,* 446 F.3d at 692.

We now hold that a district court "should apply a balancing test [in revocation hearings] when considering the releasee's asserted right to cross-examine adverse witnesses," and that "[t]he court is to balance the person's interest in the

constitutionally guaranteed right to confrontation against the government's good cause for denying it."  FED. R. CRIM. PROC. 32.1(b)(2)(C) advisory committee's note.  The reliability of proffered hearsay is a principal factor, although not the sole factor, relevant to the releasee's interest in confrontation.  To outweigh this interest, the Government must, in the typical case, provide good cause for a hearsay declarant's absence. As the language of the Advisory Committee Notes indicates, the releasee's interest in confrontation — which encompasses reliability — is an independent factor that should be analyzed separately from cause.

In some cases, the releasee's interest in confrontation may be overwhelmed by the hearsay's reliability such that the Government need not show cause for a declarant's absence. Accordingly, we reject a *per se* rule that a district court's failure to explicitly address cause amounts to reversible error in all cases.  Nevertheless, a releasee may have a legitimate interest in confrontation and cross-examination even when a declarant's out-of-court statement bears some indicia of reliability, and district courts should normally address both factors when ruling on the admissibility of hearsay evidence in a revocation hearing.

## IV.

We turn now to apply the standard we have articulated to the facts of this appeal. Hearsay given under oath, *Comito*, 177 F.3d at 1171; *Crawford,* 323 F.3d at 129, replete with detail, *United States v. Bell*, 785 F.2d 640, 644 (8th Cir. 1986); *Crawford*, 323 F.3d at 129, or supported by corroborating evidence, *Kelley*, 446 F.3d at 692; *Martin*, 382 F.3d at 846, has

8

been recognized as reliable. Conversely, out-of-court statements reflecting an adversarial relationship with the accused, *Comito*, 177 F.3d at 1171, or containing multiple layers of hearsay, *United States v. Fennell*, 65 F.3d 812, 813 (10th Cir. 1995); *Crawford*, 323 F.3d at 129, have been recognized as unreliable.

Here, the violation report and warrant petition regarding Lloyd's aggravated domestic battery violation are clearly unreliable. The violation report states in relevant part that Lloyd "became involved in a verbal argument with his pregnant girlfriend . . . which escalated into a physical altercation," and Lloyd "allegedly pulled out a firearm when another person attempted to intervene." A firearm was subsequently discovered by police in Lloyd's residence. According to the report, Lloyd was combative and uncooperative after his arrest, but subsequently admitted ownership of the gun.

The foregoing statements are unsworn and lack detail. The description of the alleged battery is cursory, and the facts surrounding Lloyd's subsequent arrest for the firearm possession shed no light on whether Lloyd battered his girlfriend. Moreover, the record is devoid of independent evidence corroborating the version of events described in the violation report. Courts have admitted similar hearsay in revocation proceedings when the out-of-court statements were bolstered by physical evidence, *Martin*, 382 F.3d at 846, independent testimony, *Kelley*, 446 F.3d at 692, or the defendant's own admissions, *Crawford*, 323 F.3d at 130. In stark contrast to those cases, here no physical evidence, independent testimony, or admissions support the statements regarding the aggravated

9

domestic battery offense contained in the violation report. In short, not a single indicium of reliability is present here.

Even worse, two indicia of *unreliability* cast further doubt on the utility of the violation report and warrant petition. First and foremost, the documents contain multiple levels of hearsay. The warrant petition was based on a violation report written by a non-testifying probation officer who relied (ostensibly) on information provided by unidentified officers of the Duval County Sheriff's office, who (apparently) interviewed Lloyd's ex-girlfriend. The fact that this evidence consists of layer upon layer of unsubstantiated, out-of-court statements passed through at least four different people raises a very large red flag. *See id.* at 129; *Bell*, 785 F.2d at 644.

Second, the violation report is based at least in part on statements given by Lloyd's ex-girlfriend. The adversarial nature of a hearsay declarant's relationship with the accused prompts courts to scrutinize out-of-court statements made by former lovers. *See Comito*, 177 F.3d at 1171 (finding that out-of-court statements made by the releasee's ex-girlfriend soon after their romance ended were the "least reliable form of hearsay"). Although police reports are neither "inherently reliable [nor] . . . inherently unreliable," *United States v. Leekins*, 493 F.3d 143, 149 (3d Cir. 2007), the reports at issue in this case are uncorroborated and rely on an account given by Lloyd's ex-girlfriend that may have been colored by animus against Lloyd. This is another factor weighing against reliability.

10

We also note that the Government fails to proffer a single legitimate indicium of reliability for the statements supporting Lloyd's aggravated domestic battery violation. Rather, the Government unpersuasively argues that unrelated statements in the violation report demonstrate its reliability. Although it is true that Lloyd claimed ownership of the gun found in his home and admitted that his girlfriend was pregnant, these facts shed no light on whether Lloyd was guilty of aggravated domestic battery. For all of the foregoing reasons, we conclude that the violation report and warrant petition are unreliable hearsay.

Finally, we address the Government's justification for denying Lloyd the right to confront the hearsay declarants. Our analysis is brief because the Government makes no attempt to show cause for the declarants' absence from the revocation hearing, either in the District Court or on appeal. Courts have recognized that a declarant's refusal to testify or threats made against a declarant may be good cause for his absence and justify the admission of hearsay. *See Williams*, 443 F.3d at 46-47; *Comito*, 177 F.3d at 1172. Neither factor is present here. The cost and inconvenience of transporting witnesses from Florida to the Virgin Islands could conceivably have been a factor, but the Government does not make this argument. Had the Government done so, it is doubtful that travel considerations alone could suffice to outweigh Lloyd's right to confrontation, given the utter unreliability of the hearsay, and the fact that it was the sole basis for the critical violation. *See Barnes v. Johnson*, 184 F.3d 451, 456 (5th Cir. 1999).

11

## V.

In sum, because Lloyd's aggravated domestic battery violation was supported solely by unreliable hearsay and the Government makes no attempt to show cause for the declarants' absence, we will vacate Lloyd's sentence and remand for resentencing.