**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1268
_____

UNITED STATES OF AMERICA

v.

HENRY BLACKSON,

Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 2-04-cr-00052-004)
District Judge: Hon. Mary A. McLaughlin
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 18, 2013

BEFORE: AMBRO, HARDIMAN and COWEN,  Circuit Judges

(Filed: April 23, 2013)

_____

OPINION
_____

COWEN, Circuit Judge.

Henry Blackson appeals from the judgment entered by the United States District Court for the Eastern District of Pennsylvania revoking his supervised release and sentencing him a period of incarceration. We will affirm.

I.

Blackson was convicted of conspiracy to interfere with interstate commerce by robbery in violation of 18 U.S.C. § 1951(a), attempt to interfere with interstate commerce by robbery (and aiding and abetting) in violation of § 1951(a) and 18 U.S.C. § 2, and carrying and using a firearm during and in relation to a crime of violence (and aiding and abetting) in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2. The District Court sentenced him to 60 months of imprisonment as well as a five-year term of supervised release, including his mandatory participation in a mental health program.

The United States Probation Office filed a petition of violation of supervised release, alleging that Blackson committed a Grade A violation by assaulting a mental health therapist and Grade C violations by failing to report to the Probation Office as directed, failing to report for mandatory urinalysis testing, and missing payments towards his special assessment and fine. After conducting an evidentiary hearing, the District Court ordered that Blackson "will be continued on supervised release with the same terms and conditions" with the exception of the prior urine testing condition. (A18.)

Subsequently, the Probation Office alleged additional violations of supervised release. Blackson was arrested and charged with aggravated assault and related offenses against his former girlfriend, Starlanda Pralour. In addition to this purported Grade A

2

violation, the Probation Office also claimed that he committed Grade C violations by failing to report to the Probation Office, make monthly payments for his fine, and satisfy the requirements of participation in a mental health program. After another evidentiary hearing, the District Court determined that Blackson committed a Grade A violation as well as two Grade C violations. It therefore revoked his supervised release and sentenced him to 18 months of imprisonment, without any additional period of supervised release.

II.

According to Blackson, there was no reliable evidence that he assaulted Pralour, and "the District Court erred by relying solely upon the hearsay evidence of Detective Langan to find that Mr. Blackson committed a Grade A violation of his supervised release by assaulting [her], a witness who did not pursue charges against Mr. Blackson in state court, did not honor a subpoena to attend Mr. Blackson's revocation hearing and, by Mr. Blackson's testimony, had falsely accused him of assault."[1] (Appellant's Brief at 20.) At the evidentiary hearing, the government presented, inter alia, the signed statement that Pralour made to the Philadelphia police shortly after the incident as well as testimony from Lt. Langan, a detective who interviewed Pralour. At the very least, no objection was

---

[1] The District Court had subject matter jurisdiction under 18 U.S.C. § 3231. We have appellate jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291. In the absence of an appropriate objection in the district court, we generally apply the plain error standard of review, pursuant to which we consider, inter alia, whether any error committed by the district court was clear or obvious. United States v. Marcus, 130 S. Ct. 2159, 2164 (2010). We review for clear error the factual findings supporting a district court's revocation of supervised release, while any legal issues are subject to a de novo standard of review. See, e.g., United States v. Maloney, 513 F.3d 350, 354 (3d Cir. 2008). Finally, the Court reviews a sentence imposed upon revocation for

3

made to the admission of this hearsay evidence under the Due Process Clause or Federal Rule of Criminal Procedure 32.1(b)(2)(C). The District Court, in turn, did not commit any obvious mistake by considering this evidence given the prosecutor's own account of her failed attempts to secure Pralour's presence at the evidentiary hearing (e.g., Pralour did not respond to a subpoena, and the prosecutor indicated that she made several telephone calls), the circumstances surrounding this evidence (e.g., Pralour made and signed her statement a few days after the incident, and Lt. Langan testified that he saw physical injuries on her face), and the fact that the District Court determined that Blackson was not a credible witness. Cf., e.g., United States v. Lloyd, 566 F.3d 341, 344-45 (3d Cir. 2009) (adopting balancing test for admissibility of hearsay evidence in revocation proceedings). We conclude that the District Court appropriately found that Blackson committed a Grade A violation.

The District Court properly revoked Blackson's supervised release and sentenced him to 18 months of imprisonment. In short, it imposed a reasonable sentence based, among other things, on the need to protect the public where a young man, who was given the "benefit of the doubt" in a prior revocation hearing, still "has not been able to comply with the various conditions" of his supervised release. (A158.)

### III.

For the foregoing reasons, we will affirm the District Court's judgment.

---

reasonableness. See, e.g., United States v. Bungar, 478 F.3d 540, 542 (3d Cir. 2007).