**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1147
_____

UNITED STATES OF AMERICA

v.

SHANIKA DAVIS,
                              Appellant
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
(D.C. No. 1-13-cr-00283-001)
District Judge: Honorable Sylvia H. Rambo
_____

Submitted Under Third Circuit LAR 34.1(a)
September 8, 2014
_____

Before: SMITH, SHWARTZ, and ROTH, Circuit Judges.

(Filed: September 16, 2014)
_____

OPINION
_____

SHWARTZ, Circuit Judge.

Shanika Davis appeals the District Court's fifteen-month prison sentence for her

violation of probation. She argues that the District Court erred in considering conduct

other than that to which she admitted and as a result imposed a procedurally unreasonable sentence. We disagree and will affirm.

I

As we write primarily for the benefit of the parties, we recite only the essential facts and procedural history. On May 8, 2006, Davis pleaded guilty in the Southern District of New York to criminal charges arising from her straw purchase of a firearm.[1] Davis fled from bail supervision and was not sentenced until February 2009. She was sentenced to two years' probation. Davis absconded from her probation supervision in October 2009 and remained a fugitive until May 2011. Davis's case and supervision were transferred to the Eastern District of Pennsylvania, and on June 1, 2011, that Court found that Davis had violated probation and re-sentenced her to three years' probation, beginning with six months' home confinement. Two months later, Davis's case and supervision were once again transferred, this time to the Middle District of Pennsylvania. Davis violated her probation again, and in January 2012, the District Court there sentenced her to an additional six months' home confinement.

In April 2013, Davis was again arrested for violating conditions of probation. According to the "Petition for Warrant or Summons for Offender Under Supervision" (the Petition"), Davis allegedly had been convicted of receiving a stolen pistol, fraudulently obtaining food stamps and welfare benefits, and issuing bad checks while on probation. The Petition also alleged that Davis had committed numerous "technical

---

[1] Specifically, Davis pleaded to: (1) conspiracy to transport firearms in violation of 18 U.S.C. § 371; (2) illegal transportation of firearms in violation of 18 U.S.C. § 922(a)(5); and (3) making false statements in connection with the acquisition of firearms in violation of 18 U.S.C. § 922(a)(6).

violations" including possessing drugs, failing to report to her probation officer, failing to respond honestly to inquiries from her probation officer, removing her location monitoring transmitter, and associating with Rashawn Collier, a known felon. At the violation hearing, Davis admitted to having been convicted of the state crimes, which constituted Grade B violations, but did not admit to the technical violations, and the Government did not introduce any additional evidence relating to them. Davis's counsel did, however, acknowledge that Davis had associated with Collier.

Davis's Guidelines range was four to ten months' imprisonment. The Government moved for an upward variance from Davis's calculated Guidelines range based on (1) Davis's inability to comply with the terms of her probation, (2) the fact that drugs were found in her home, and (3) her possession of the stolen pistol.

The District Court granted the Government's motion and sentenced Davis to fifteen months' imprisonment, five months above her Guidelines range. Explaining the chosen sentence, the District Court said:

> Ms. Davis has been completely incorrigible and displayed a blatant disregard for the conditions of two separate supervisions. Less than three months after appearing before this Court and being warned of the consequences of further noncompliance, police apprehended a fugitive, Rashawn Collier, from inside the offender's residence. Drugs, grow materials, and [a] stolen firearm were seized.
>
> Ms. Davis removed her location monitoring transmitter claiming medical issues and visited Mr. Collier at SCI Camp Hill. Plus Ms. Davis placed hundreds of telephone calls with Collier and deposited money into his prison account. This was in violation of an admonition from this Court. This conduct clearly illustrates the offender's failure to favorably

3

respond to all the opportunities extended to her from the start of her federal case.

And the Court does recognize that she has been convicted of welfare fraud and bad checks while under supervision and she has also been a fugitive at times. The offender failed to honestly respond to even basic inquiries from the probation office.

Now there is a strong need for [the] sentence imposed to provide adequate punishment for Ms. Davis's violation and to deter from future crimes. At the time of her original sentence, this Court departed downward. Plus Ms. Davis twice had her probation revoked, but managed to avoid imprisonment. An upward departure, the Court believes, is warranted.

App. 26-27.

Davis appeals her sentence, arguing that her sentence is procedurally unreasonable because the District Court relied partly on the technical violations concerning (1) the fact that drugs were found in her home; (2) her failure to respond honestly to her probation officer; and (3) her removal of her location monitoring transmitter.[2] Davis contends that the District Court erred in relying on these allegations because Davis did not admit to them and she claims they lack evidentiary support.

II

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

As Davis did not object to the District Court's reference to Davis's technical violations at sentencing, we review the sentence for plain error. Fed. R. Crim. P. 52(b).

---

[2] Davis's association with Collier also constituted a technical violation and she conceded to have in fact associated with him.

4

Under the plain error standard, we will affirm the sentence unless the appellant demonstrates: (1) an error; (2) that is clear and obvious; and (3) that affects substantial rights. Puckett v. United States, 556 U.S. 129, 135 (2009); United States v. Vazquez, 271 F.3d 93, 99 (3d Cir. 2001). If all three prongs are satisfied, then the Court has the discretion to remedy the error only if the error "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." Puckett, 556 U.S. at 135 (quotation marks omitted); United States v. Stinson, 734 F.3d 180, 184 (3d Cir. 2013).

## III

To address Davis's claim, we must determine whether it was error for the District Court to rely on information in the Petition. While the information in the Petition is hearsay, hearsay statements are admissible at sentencing so long as the statements "bear some minimal indicium of reliability beyond mere allegation." United States v. Smith, 751 F.3d 107, 116 (3d Cir. 2014) (quotation marks omitted). The statements contained in the Petition satisfy that standard. The probation officer authored the Petition and had personal knowledge of much of its contents based upon his interaction with Davis. Moreover, the Petition is "replete with detail[s]" of Davis's incorrigible behavior. See United States v. Lloyd, 566 F.3d 341, 345 (3d Cir. 2009). Finally, and most importantly, the Petition was signed by its author under penalty of perjury. See id. (sworn hearsay is an indicium of reliability). For these reasons, we conclude that the Petition had sufficient indicia of reliability and that the District Court did not err by referring to statements contained therein when fashioning Davis's sentence.

5

Even if we assume that the District Court erred in relying on the facts contained in the Petition or even if such facts were clearly erroneous, Davis has failed to demonstrate that any error "affected [her] substantial rights." Puckett, 556 U.S. at 135. To carry her burden on this prong, Davis must show prejudice, i.e., that the error affected the outcome of the District Court proceedings to her detriment. Id.; see also Stinson, 734 F.3d at 187 (an "error that results in a longer sentence undoubtedly affects substantial rights." (quotation marks omitted)). While the District Court mentioned certain technical violations, its upward variance was primarily based on Davis's earlier violations of both pretrial and post-conviction release, the fact she avoided jail in her sentence for the original offenses and her earlier violations, her failure to heed prior warnings concerning her noncompliance, her commission of crimes while on probation, and the need to punish her and deter future violations. Because the record establishes that the District Court's upward variance was primarily based on these reasons, Davis has not shown that the District Court's consideration of the technical violations caused her prejudice.

IV

For the foregoing reasons, we will affirm Davis's sentence.

6