NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1152
_____

UNITED STATES OF AMERICA

v.

MARK A. NIXON,

Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 04-cr-00037)
District Judge:  Honorable Terrence F. McVerry

_____

Submitted Under Third Circuit LAR 34.1(a)
April 29, 2015

Before:  FISHER, HARDIMAN and ROTH, *Circuit Judges*.

(Filed: May 21, 2015)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

HARDIMAN, *Circuit Judge*.

Mark Nixon appeals the District Court's judgment of conviction and sentence. Pursuant to *Anders v. California*, 386 U.S. 738 (1967), Nixon's counsel has filed a motion to withdraw. We will grant counsel's motion and affirm the District Court's judgment.

I

Nixon pleaded guilty to one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). He was sentenced to 103 months' imprisonment and three years of supervised release.[1] After being released from prison, Nixon violated the terms of his supervised release. The United States Sentencing Guidelines range for Nixon's violation was 21 to 27 months, and the statutory maximum sentence was 24 months. On January 15, 2014, the District Court sentenced Nixon to 12 months' imprisonment and 24 months of supervised release. Nixon filed this timely appeal, and his counsel moved to withdraw.[2]

II

When counsel moves to withdraw, we ask whether counsel's brief satisfies the *Anders* requirements and whether an independent review of the record presents any nonfrivolous issues. *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001). "The duties

---

[1] Various documents of record, including the briefs of Nixon's counsel and the Government, state that Nixon's term of incarceration was 108 months. As Nixon's pro se brief correctly notes, his judgment of sentence was 103 months' imprisonment.

[2] The District Court had jurisdiction under 18 U.S.C. §§ 3231 and 3583(e). We have jurisdiction under 28 U.S.C. § 1291.

of counsel when preparing an *Anders* brief are (1) to satisfy the court that counsel has thoroughly examined the record in search of appealable issues, and (2) to explain why the issues are frivolous." *Id.* Here, counsel identified four potential grounds for appeal but claims they all lack merit. Nixon filed a pro se brief raising two additional arguments.

## A

The first issue counsel identified is whether the District Court adequately considered Nixon's mental illness. During the revocation hearing, the District Court learned that Nixon was taking Prozac prescribed by a medical doctor, and heard Nixon say that he would be willing to undergo a mental health evaluation and abide by any recommended treatment. In imposing Nixon's sentence, the Court considered the factors in 18 U.S.C. § 3553(a), including the need to provide Nixon with "medical care or other correctional treatment in the most effective manner." App. B-55–56. The Court also stated that it would "make a recommendation to the Bureau of Prisons that the Defendant be evaluated for mental health treatment and evaluated as to whether Prozac is an appropriate prescription drug for him while incarcerated." App. B-57–58. Thus, the record demonstrates that the District Court adequately considered Nixon's mental health needs, and any challenge to his sentence on this basis would be frivolous.

The next issue counsel identified is whether Nixon's Sixth Amendment rights were violated when the District Court denied his request to fire his attorney. The Court was informed the day before the revocation hearing that Nixon had fired his court-appointed

counsel. But after informing the Court during the hearing that he had not retained private counsel and would not be representing himself, Nixon said that he wanted to go forward with his court-appointed counsel. Nixon then repeatedly affirmed that he wanted court-appointed counsel to represent him.

We review a trial court's refusal to substitute counsel for abuse of discretion, which occurs when "good cause is shown for the defendant's dissatisfaction with his current attorney," *United States v. Gillette*, 738 F.3d 63, 78 (3d Cir. 2013) (quoting *United States v. Goldberg*, 67 F.3d 1092, 1098 (3d Cir. 1995)). Nixon failed to provide the Court with any cause, much less good cause, for why he wanted to fire counsel, and then repeatedly assured the Court that he was comfortable and wished to proceed with counsel's representation. In his pro se brief, Nixon states only that there were "conflict issues" with counsel and a violation of ethics rules, without further explanation. Pro Se Br. 4. We therefore conclude that the District Court did not abuse its discretion in denying Nixon's initial request to fire counsel, and a Sixth Amendment challenge would be frivolous.

The third issue counsel identified is Nixon's assertion that he was never advised after his original conviction that a violation of supervised release could result in a new prison sentence. Nixon has not pointed to anything in the record to support his claim, nor has our independent review found anything to support it. Like counsel, we conclude that there is no nonfrivolous argument on this basis.

The last issue counsel identified concerns whether the admission of hearsay evidence

4

during the revocation hearing violated Nixon's due process rights.    The Federal Rules of Evidence do not apply to revocation proceedings, and reliable hearsay is generally admissible. *See United States v. Lloyd*, 566 F.3d 341, 343–44 (3d Cir. 2009).

At the revocation hearing, the Court considered evidence from Nixon's probation officer, as well as Nixon's failed drug tests, his arrests, and his unsuccessful participation in a drug treatment program that led to his discharge. Nixon's probation officer was present, and the Government proffered her testimony. The proffer set forth Nixon's failure to report to the probation office several times, as well as his admission that he had used cocaine, marijuana, and heroin during his term of supervised release. After the proffer was made, the probation officer took the stand and testified that the proffer was accurate. Although Nixon was invited to question the officer, he declined. Nor did Nixon object to the other evidence relating to his violation of supervised release.

The aforementioned evidence was reliable for several reasons. Regarding his failed drug tests, Nixon admitted that he had been addicted to heroin and had used cocaine and marijuana during his supervised release. The evidence surrounding his two arrests during the course of his supervision was also corroborated and sufficiently reliable. Finally, the evidence concerning Nixon's behavior at the drug treatment program was reliable as well. The Government introduced a letter from the program's lead counselor, which explained why Nixon was discharged from the program. Although Nixon did not object to this evidence, he denied the allegations during his testimony and claimed that he was discharged

5

from the facility for different reasons than those provided by the counselor. Nevertheless, the Court did not make any specific findings regarding why Nixon had been discharged, only that he had been discharged from the program, which Nixon did not dispute.

B

In his pro se brief, Nixon identifies two additional potential grounds for appeal: (1) whether his sentence was reasonable and (2) whether the Court improperly relied on his need for drug rehabilitation in determining that incarceration was warranted. We will affirm a sentence imposed "unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc). Here, Nixon was sentenced to 12 months' imprisonment, which is below his Guidelines range of 21 to 27 months. The Court weighed the § 3553(a) factors, noting that a sentence of 12 months' imprisonment was necessary to provide Nixon with structure, limit his access to illegal drugs, and impress upon him the seriousness of his conduct. Any argument challenging his sentence would be frivolous because the District Court sufficiently evaluated the relevant § 3553(a) factors and imposed a reasonable sentence.

Finally, Nixon argues that the District Court violated the Supreme Court's holding in *Tapia v. United States*, 131 S. Ct. 2382 (2011). There, the Supreme Court held that sentencing courts cannot impose or lengthen a prison term merely to facilitate an offender's rehabilitation. *Id.* at 2391. As we have noted, *Tapia* does not prohibit judges from

6

mentioning rehabilitation during sentencing hearings. "Courts may still, for example, 'discuss[] the opportunities for rehabilitation within prison of the benefits of specific treatment or training programs.'" *United States v. Zabielski*, 711 F.3d 381, 391 (3d Cir. 2013) (quoting *Tapia*, 131 S. Ct. at 2392).

Here, the District Court explained that a sentence of 12 months' imprisonment was necessary to provide structure, limit access to narcotics, and reflect the seriousness of Nixon's offense. These considerations were proper. *See* 18 U.S.C. § 3553(a)(2)(A)–(D); *see also United States v. Thornhill*, 759 F.3d 299, 313 (3d Cir. 2014) (noting that the need to provide defendant with structure and to curb substance abuse were proper considerations under 18 U.S.C. § 3583(e)). While the Court also expressed its "sincere hope that this period of incarceration will aid [Nixon] in some degree to rehabilitation," App. B-55, that aspiration is not prohibited under *Tapia*, so long as it does not serve as the sole rationale for imposing or lengthening a sentence. *See Zabielski*, 711 F.3d at 391. Because neither the District Court's statement nor anything else in the record indicates that the Court imposed or lengthened a term of imprisonment merely to promote Nixon's rehabilitation, this claim also fails.

## III

For the reasons stated, we conclude that counsel's brief meets the requirements of *Anders*. Our independent review of the record and our consideration of Nixon's pro se brief confirm counsel's view that there are no nonfrivolous issues for appeal. Accordingly, we

will grant counsel's motion to withdraw and affirm the District Court's judgment. Because the issues presented on appeal lack legal merit, counsel is not required to file a petition for writ of certiorari with the United States Supreme Court under Third Circuit Local Appellate Rule 109.2(c).