**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2170
_____

UNITED STATES OF AMERICA

v.

TENISHA CORTES,
Appellant

_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-10-cr-00770-010)
District Judge: Honorable Michael M. Baylson

_____

Submitted Under Third Circuit LAR 34.1(a)
March 8, 2018
_____

Before: McKEE, AMBRO, RESTREPO, Circuit Judges.

(Filed: March 12, 2018)
_____

AMENDED OPINION*
_____

RESTREPO, Circuit Judge.

Appellant Tenisha Cortes appeals from an order of the District Court revoking a

term of supervised release and resentencing her to a period of twenty-four months'

---

* This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7,
does not constitute binding precedent.

incarceration. We will vacate and remand.

# I

In 2013, Cortes pled guilty to criminal conspiracy to commit drug trafficking, 21 U.S.C. § 846, and was sentenced to a period of incarceration, followed by a term of supervised release. Thereafter, Cortes committed multiple Grade C violations. In 2017, Cortes pled guilty in state court to Pennsylvania bank robbery by demand, 18 Pa. Cons. Stat. § 3701(a)(1)(vi). The revocation proceedings before us followed.

At a revocation hearing, which Cortes "attended" by closed circuit television from a Pennsylvania prison, Cortes admitted that she had been convicted in state court. The District Court immediately found that her violation was a Grade A violation. By way of explanation, the Court stated only that Cortes had "committed a robbery while [she was] on supervised release [and] that's what we call an A violation." App. 46.

On appeal, Cortes acknowledges that the District Court was provided with a copy of the affidavit of probable cause from the bank robbery. This affidavit states that Cortes threatened to kill the teller. No one, however, mentioned of the affidavit of probable cause at the revocation hearing. Nor did the Government present any evidence. It made reference to Cortes' alleged threat only in support of its argument for a top-of-the-Guidelines sentence.

The District Court's finding that Cortes committed a Grade A violation produced an advisory guideline range of twenty-four to thirty months' imprisonment. U.S.S.G. § 7B1.4(a). It sentenced Cortes to twenty-four months' imprisonment, to begin "at the time [she] is granted parole for the state conviction." App. 2. If the violation had been a

2

Grade B violation, the advisory guideline range would have been four to ten months. U.S.S.G. § 7B1.4(a). Cortes filed this timely appeal, challenging the District Court's finding that she committed a Grade A violation.

**II**[1]

**A**

The United States Sentencing Guidelines set forth three grades of supervised release violations. U.S.S.G. § 7B1.1(a). A Grade A violation is, in relevant part, "conduct constituting . . . a federal, state, or local offense punishable by a term of imprisonment exceeding one year that . . . is a *crime of violence*." U.S.S.G. § 7B1.1(a)(1) (emphasis added). A Grade B violation is "conduct constituting any other federal, state, or local offense punishable by a term of imprisonment exceeding one year." U.S.S.G. § 7B1.1(a)(2). A Grade C violation is "conduct constituting. . . a federal, state, or local offense punishable by a term of imprisonment of one year or less; or . . . a violation of any other condition of supervision." U.S.S.G. § 7B1.1(a)(3).

Under Section 7B1.1(a)(1), the definition of a Grade A violation incorporates the term "crime of violence," as defined by the career offender guideline, Section 4B1.2. *See*

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. §§ 3231 and 3583(e). We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). Cortes concedes that plain error review applies. The plain error test requires (1) an error; (2) that is "clear or obvious" and (3) "affected the defendant's substantial rights, which in the ordinary case means he or she must 'show a reasonable probability that, but for the error,' the outcome of the proceeding would have been different." *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1343 (2016) (quoting *United States v. Dominguez Benitez*, 542 U.S. 74, 76, 82 (2004)). If these conditions are met, we will exercise our discretion to correct the error if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (quoting *United States v. Olano*, 507 U.S. 725, 736 (1993)).

3

U.S.S.G. § 7B1.1, cmt. n.2. Section 4B1.2, in turn, defines a "crime of violence" in relevant part as an "offense under federal or state law, punishable by imprisonment for a term exceeding one year, that . . . has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2(a)(1).[2] "[T]he phrase 'physical force' means violent force—that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010).

To determine whether a violation of supervised release is a "crime of violence," a district court may look at the defendant's actual conduct. *United States v. Carter*, 730 F.3d 187, 189, 191-92 (3d Cir. 2013). This is so because a revocation of supervised released can be based on uncharged conduct, as explained in note 1 of Section 7B1.1:

> Under 18 U.S.C. §§ 3563(a)(1) and 3583(d), a mandatory condition of probation and supervised release is that the defendant not commit another federal, state, or local crime. A violation of this condition may be charged whether or not the defendant has been the subject of a separate federal, state, or local prosecution for such conduct. The grade of violation does not depend upon the conduct that is the subject of criminal charges or of which the defendant is convicted in a criminal proceeding. Rather, the grade of the violation is to be based on the defendant's *actual conduct*.

---

[2] Section 4B1.2 also contains an enumerated offense clause that defines a "crime of violence" through a list of enumerated crimes. U.S.S.G. § 4B1.2(a)(2). Although one of these enumerated offenses is "robbery," this refers only to the "generic version[]—not all variants" of that crime. *Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016) (interpreting the analogous provision of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii)); *see also Taylor v. United States*, 495 U.S. 575, 592 (1990) (holding that the ACCA enumerated offenses "must have some uniform definition independent of the labels employed by the various States' criminal codes"); *United States v. Brown*, 765 F.3d 185, 188 n.1 (3d Cir. 2014) (noting that the enumerated offenses in Section 4B1.2(a)(2) are likewise "generic crimes") (citation omitted). The Government does not contend that the enumerated offense clause applies to Cortes.

U.S.S.G. § 7B1.1, cmt. n.1 (emphasis added).  Thus, under Section 7B1.1, a district court may rely on the defendant's actual conduct, not only the offense of conviction, to determine whether the defendant committed a "crime of violence."  *Carter*, 730 F.3d at 192.

This, however, is not the end of the analysis.  As we explained in *Carter*, it is "not enough to say that a defendant's actions were simply violent or forcible without pointing to a crime containing those same elements."  *Id.* at 193.  A district court must identify the specific forcible offense that the defendant committed.  *Id.* at 192.  This analysis is necessary because "in determining whether an offense is a 'crime of violence,' § 4B1.2 requires that it contain an element of force."  *Id.* at 193.  Thus, although a district court does not apply the "categorical approach" to Section 7B1.1(a)(1) in the sense that it considers the defendant's actual conduct, *id.* at 192, its analysis must ultimately return to the elements of the crime committed, *id.* at 192-93.

Further, *Carter* makes it plain that a district court must actually name the forcible offense with specificity.  As we held, a district court must "indicate[] the particular 'crime of violence' for which [the defendant] was responsible."  *Id.* at 192; *see also id.* at 194 (holding that a district "court must point to a provision of law that has been broken").  Naming the crime is necessary for appellate review.  Our Court will not "speculate which federal or state offense the Court believed had been committed, and for this reason we cannot determine whether it was appropriately a 'crime of violence'" unless the district court names the crime.  *Id.* at 193.  If the district court does not, we are "unable to review [its] exercise of discretion."  *Id.*

5

For example, in *Carter* the defendant pled guilty to misdemeanor offenses in state court. *Id.* at 189.  There followed a revocation hearing where the district court found a Grade A violation—not because of Carter's misdemeanor convictions, but because of his actual conduct, which the district court found was violent.  *Id.* at 190.  On appeal, we agreed that the district court appropriately considered Carter's actual conduct.  *Id.* at 191.  We held, however, the court erred by not identifying the particular law Carter had violated; thus we could not review whether the statute contains an element of force.  *Id.* at 193.  We declined to speculate as to what this crime might have been.  *Id.*[3]

**B**

In Cortes' case, the District Court found that Cortes committed a Grade A violation because she "committed a robbery."  App. 46.  As the Government concedes, not all robberies are "crimes of violence" under Section 4B1.2.  For example, as is relevant here, the Government notes that Cortes' crime of conviction, Pennsylvania bank robbery by demand, 18 Pa. Cons. Stat. § 3701(a)(1)(vi), is not a crime of violence.[4]  This offense neither contains an element of force, nor falls within the enumerated offense

---

[3]  In Carter we found that the district court's error was harmless because it was "clear that the error did not affect the district court's selection of the sentence imposed." *Carter*, 730 F.3d at 194 (quoting *United States v. Langford*, 516 F.3d 205, 215 (3d Cir. 2008)).  There, the district court explicitly stated that it would have imposed the same sentence "whether it was an A violation or a B violation." *Id.*; *see also id.* at 193-94 (noting also that the district court sentenced Carter above even the higher guideline range for a Grade A violation).  The record of Cortes' case contains no such statement.

[4]  Under Pennsylvania law, a person is guilty of bank robbery by demand "if, in the course of committing a theft, he . . . takes or removes the money of a financial institution without the permission of the financial institution by making a demand of an employee of the financial institution orally or in writing with the intent to deprive the financial institution thereof." 18 Pa. Cons. Stat. § 3701(a)(1)(vi).

clause of Section 4B1.2. Accordingly, the District Court could only find that Cortes committed a Grade A violation based upon her actual conduct, not her state conviction. Under *Carter*, the District Court was entitled to consider Cortes' actual conduct. However, it failed to conduct the requisite *Carter* analysis in two respects.

First, the District Court did not make any findings as to Cortes' actual conduct. Rather, it stated only that Cortes committed a Grade A violation "by virtue of . . . having committed a robbery while . . . on supervised release." App. 46. As the Government acknowledges, the District Court "never expressly stated upon what grounds it found the Grade A violation." Br. for Appellee 21. Nevertheless, the Government urges us to hold that the District Court "necessarily must have relied on the . . . criminal complaint and affidavit of probable cause." *Id.*; *see also id.* at 23 ("The basis of the court's finding is obvious on the record."). We disagree. The record contains no mention of the affidavit of probable cause, although Cortes admits that the probation department submitted it to the District Court. Rather, the record suggests that the District Court found that "committ[ing] a robbery" was a *per se* Grade A violation. App. 46.

Second, assuming *arguendo* that the District Court made implicit findings of fact as to Cortes' actual conduct, there would still be a *Carter* error because the District Court did not identify what forcible crime it found that Cortes committed, as is necessary for our review. *See Carter*, 730 F.3d at 193. Under *Carter*, we will not speculate as to what crime the District Court might have found. *Id.* "Rather than attempt to divine the district court's conclusion . . . and resolve issues that may prove unnecessary to the ultimate disposition of the case, we think the better course is to remand to the district court to

7

determine whether [the defendant's] conduct . . . constituted a Grade A violation, and to undertake further proceedings as necessary." *United States v. Willis*, 795 F.3d 986, 997 (9th Cir. 2015) (remanding, on plain error review, where the district court did not identify the specific criminal statute violated by the defendant's actual conduct).

On this record, we are left "unable to review the procedural and substantive bases of the sentence[, which] is an error that is plain, that affects the substantial rights of the parties, and that could seriously affect the fairness, integrity or public reputation of judicial proceedings." *United States v. Fumo*, 655 F.3d 288, 309 (3d Cir. 2011) (quotation marks and citation omitted). Thus, remand is necessary.[5]

## III

We will vacate the sentence and remand for further proceedings consistent with this opinion.

---

[5] We need not reach Cortes' claim that if the District Court relied upon the affidavit of probable cause, doing so violated the "balancing test" for the admissibility of hearsay at a revocation hearing. *See United States v. Lloyd*, 566 F.3d 341, 344 (3d Cir. 2009) (citation omitted).