NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1890

_____

UNITED STATES OF AMERICA

v.

TIMOTHY LAMON CAVENDER,
                                        Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2-18-cr-0268-001)
District Judge:  Hon. Cathy Bissoon
_____

Submitted Under Third Circuit LAR 34.1(a)
November 12, 2019

Before:   JORDAN, SCIRICA, and RENDELL, *Circuit Judges.*

(Filed: November 27, 2019)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

JORDAN, *Circuit Judge*.

While serving a term of supervised release, Timothy Cavender assaulted his nephew, Lamont Simmons. As a result, the United States District Court for the Western District of Pennsylvania revoked his supervised release and sentenced him to 24-months' imprisonment. In doing so, however, the Court relied on out-of-court statements made by Simmons, who had passed away by the time of the hearing. Cavender appeals from the judgment of the District Court, arguing that his constitutional right to confront his accuser was violated at the revocation hearing. We will affirm.

I.      BACKGROUND

On March 16, 2019, Cavender, a convicted felon on supervised release, got into an altercation with Simmons. Officers Brandon Morris and Stephen Goth were sent to a mini mart in Pitcairn, Pennsylvania, after receiving reports that someone "just got assaulted." (App. at 19.) Upon arriving, Officer Morris saw that Simmons had significant facial injuries, including an abrasion on his nose, a puffy lip, and blood on his mouth. The officers also noticed that Simmons was wearing only a pair of sweatpants.

The officers asked Simmons about his injuries, and Simmons told them that his uncle, Cavender, had punched him in the face and threatened him with two guns in an incident at a nearby house. According to Simmons, Cavender wrongly believed that Simmons had stolen some money from him, thus precipitating the confrontation. Simmons also provided the officers with a detailed list of belongings that Cavender stole from him after the assault. The officers observed that Simmons appeared "stressed" and that he was in shock. (App. at 47.) Simmons also gave the officers a physical description

2

of Cavender and information about the car that Cavender was driving. Simmons was taken to the hospital, and Officer Morris spoke to him again while he was there, after conducting additional investigation.

Cavender was eventually detained for the assault and appeared before the District Court for a revocation hearing. Simmons was not lucky enough to appear. He was killed before the hearing and thus unavailable to testify. The Court decided to allow the responding officers to testify about what Simmons had said to them when they questioned him after the incident. Cavender objected to the testimony on the grounds that it was inadmissible hearsay and violated his right to confront and cross-examine Simmons. The Court overruled Cavender's objections and sentenced him to 24 months in prison. Cavender has timely appealed.

## II.    DISCUSSION[1]

The Federal Rules of Evidence do not apply at a supervised release revocation hearing. Fed. R. Evid. 1101(d)(3). Nor does the full panoply of constitutional rights implicated during a criminal trial. *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972). Thus, hearsay testimony that might be precluded at trial by the rules of evidence or the Confrontation Clause is not necessarily inadmissible at a supervised release revocation hearing. *See id.* at 489 (revocation proceedings include "the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3605. This Court has jurisdiction under 28 U.S.C. § 1291. We review the District Court's evidentiary rulings in a revocation hearing for an abuse of discretion. *United States v. Lloyd*, 566 F.3d 341, 344 (3d Cir. 2009).

not allowing confrontation)"). Instead, when deciding whether to allow such testimony, courts must apply a balancing test. *United States v. Lloyd*, 566 F.3d 341, 344 (3d Cir. 2009). That test requires courts to weigh the defendant's interest in the constitutionally guaranteed right against the government's reasons for denying it. *Id.* at 345. In assessing that balance, courts must consider the reliability of the hearsay and the reason advanced by the government as good cause for the declarant's absence. *Id.* In cases where the reliability of the hearsay is "overwhelm[ing][,]" the government need not show any cause for the declarant's absence. *Id.*

There was no abuse of discretion in how the District Court assessed those factors here. There can be no serious question whether Simmons's untimely demise constitutes good cause for his absence at the revocation hearing.[2] And his testimony, as relayed by Officers Morris and Goth, had at least three distinct indicia of reliability.

First, Simmons's statements were consistent with the officers' personal observations of his physical injuries. Witness interviews near the scene of the fight also confirmed Simmons's physical description of Cavender. And we have recognized hearsay to be reliable when it is "supported by corroborating evidence[.]" *Id.* Second, Simmons made most of his statements shortly after the assault occurred. Again, this supports a conclusion that the hearsay was reliable. *See Navarette v. California*, 572 U.S. 393, 399-400 (2014) (noting that "substantial contemporaneity" of the hearsay statement with the event that statement describes makes it "especially trustworthy"). Third, and

---

[2] Indeed, Cavender conceded this point in the District Court.

finally, Simmons's out-of-court statements were extremely detailed; he provided both an accurate physical description of Cavender and a list of items stolen from him, and also recounted being threatened with two different firearms. That level of detail supports the conclusion that the hearsay was reliable. *Lloyd*, 566 F.3d at 345.

Notwithstanding the reliability of Simmons's statements, Cavender argues that the testimony should have been excluded because: 1) Simmons had an adversarial relationship with Cavender; 2) Simmons intended to recant his prior statements; 3) Simmons had a criminal record about which he should have been cross-examined; 4) Officer Morris should not have been allowed to testify because he lacked recollection of the relevant events; and 5) Simmons's account of the assault does not make sense. None of those contentions is persuasive.

First, Cavender cites no authority for the proposition that a victim of an assault is inherently unreliable and that the victim's statements should thus be excluded.[3] Second, Cavender provides no evidence that Simmons intended to recant his statements. Third, the District Court was aware of Simmons's criminal record, so the value of further cross-examination on that point would have been minimal. Fourth, Officer Morris relied on his written report and notes to refresh his memory, which the Court was free to allow. Again, the rules of evidence do not apply at such hearings, and in any event, efforts to

---

[3] The cases Cavender cites involve hearsay declarants who had a pre-existing motive to fabricate evidence against the defendant, entirely independent of the assault at issue. *See Lloyd*, 566 F.3d at 346 ("adversarial relationship" of former lovers means hearsay statements may not be reliable); *United States v. Comito*, 177 F.3d 1166, 1171 (9th Cir. 1999) (same).

refresh a witnesses' recollection are consistent with those rules. Fed. R. Evid. 612. Lastly, even if it were true that a person could think Simmons's account of the assault did not make sense, the District Court was well within its discretion to consider the evidence and think otherwise.

## III.    CONCLUSION

The numerous reliability factors combined with the good cause for Simmons's absence leads to the conclusion that Cavender's interest in confrontation was minimal and the Court did not abuse its discretion in admitting the hearsay statements. We will therefore affirm the judgment of the District Court.