

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-95,541-01

### EX PARTE LEROY HILBERT ZUBIATE, Applicant

---

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 13935-A IN THE 118TH DISTRICT COURT
### FROM HOWARD COUNTY

---

KEEL, J., delivered the opinion of the Court in which SCHENCK, P.J., and YEARY, MCCLURE, FINLEY, and PARKER, JJ., joined. NEWELL, J., filed a concurring opinion in which WALKER, J., joined. WALKER, J., filed a concurring opinion in which NEWELL, J., joined. RICHARDSON, J., concurred.

## O P I N I O N

This is a case about the right to confrontation in a parole-revocation hearing where the witnesses testified via Zoom.

A jury convicted Applicant of aggravated assault and sentenced him to twelve years in prison. He was eventually released on parole, but his parole was revoked after two hearings where witnesses testified via Zoom over his objections. He argues that the Zoom hearings violated his Sixth Amendment right to confrontation and that the Sixth

Amendment right to confrontation is the same as his due process right.   We hold otherwise because the Sixth Amendment does not apply to parole hearings, and his due process right to confrontation was fulfilled by the Zoom hearing.

## I.   Sixth Amendment Confrontation Clause

The Sixth Amendment's Confrontation Clause says, "In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him[.]" U.S. Const. amend. VI.   It "is basically a trial right[,]" *Barber v. Page*, 390 U.S. 719, 725 (1968), that is "essential to a fair trial in a criminal prosecution."   *Pointer v. Texas*, 380 U.S. 400, 404 (1965).   It is "a 'functional' right designed to promote reliability in the truth-finding functions of a criminal trial."   *Kentucky v. Stincer*, 482 U.S. 730, 737 (1987).   It did not apply here for three reasons:   parole hearings are not "criminal prosecutions," a parolee is not an "accused," and witnesses who testify in such hearings are not "against" the parolee.

First, parole hearings are not criminal prosecutions because they arise after conviction.   The Sixth Amendment right to confrontation comes into play at "the initiation of criminal proceedings[.]"   *S.E.C. v. Jerry T. O'Brien, Inc.*, 467 U.S. 735, 742 (1984).   And it goes out of play after trial.   *See Betterman v. Montana*, 578 U.S. 437, 439 (2016) (holding that the Sixth Amendment right to speedy trial does not apply after conviction or guilty plea).   Parole revocation comes after trial and deprives a person "only of conditional liberty" and so "is not part of a criminal prosecution[.]"   *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972).

Second, a parolee is not an "accused" because that is "a status preceding 'convicted.'" *Betterman*, 578 U.S. at 443. Before conviction, "the accused is shielded by the presumption of innocence[.]" *Id.* at 442. A "major reason" for the Confrontation Clause is "to give a defendant charged with a crime an opportunity to cross-examine the witnesses against him." *Pointer*, 380 U.S. at 406-407. Witnesses who testify "after guilt is established are not accusers within the meaning of the confrontation clause." *United States v. Fields*, 483 F.3d 313, 332 (5th Cir. 2007) (quoting *United States v. Roche*, 415 F.3d 614, 618 (7th Cir.), *cert. denied*, 546 U.S. 1024 (2005). A parolee facing revocation has already been convicted and sentenced, and he enjoys only conditional liberty, so, he is not an "accused."

Third, parole-hearing witnesses are not "against" a defendant because their testimony is not used to convict. A witness is usually regarded as "'against' a defendant for purposes of the Confrontation Clause only if his testimony is part of the body of evidence that a jury may consider in assessing his guilt." *Cruz v. New York*, 481 U.S. 186, 190 (1987). For example, forensic analysts testifying by affidavit in a drug trial "provided testimony *against*" the defendant because they proved a "fact necessary for his conviction—that the substance he possessed was cocaine." *Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 313 (2009). Parole-revocation witness testimony, however, is not offered to convict, and so those witnesses are not "against" the parolee.

The Sixth Amendment did not apply to Applicant's parole revocation hearing.

But Applicant argues that his due process right to confrontation matches his Sixth Amendment right and that he was entitled to in-person confrontation of the witnesses at his parole revocation hearings. He does not claim that Zoom malfunctioned or that, for example, he could not see or hear the witnesses, and he concedes that his attorney cross-examined them. He complains only about the lack of in-person confrontation, and he equates that lack with a complete denial of confrontation.

## II. Due Process

The Fourteenth Amendment's Due Process Clause says, "nor shall any State deprive any person of life, liberty, or property, without due process of law[.]" U.S. Const. Amend XIV § 1. Due process is flexible and situational. *Morrissey*, 408 U.S. at 481. It does not mean "ideal." *Snyder v. Massachusetts*, 291 U.S. 97, 116-17 (1934). It is not offended merely "because another method may seem to our thinking to be fairer or wiser or to give a surer promise of protection to the prisoner at bar." *Id.* at 105. "Due process of law requires that the proceedings shall be fair, but fairness is a relative, not an absolute, concept. It is fairness with reference to particular conditions or particular results." *Id*. at 116.

Due process affords the States "wide latitude" in designing parole-revocation proceedings. *Pa. Bd. of Prob. & Parole v. Scott*, 524 U.S. 357, 365 (1998). Such hearings are not subject to the "full panoply of rights" attendant to criminal trials. *Morrissey*, 408 U.S. at 488-89. They address "a narrow inquiry" and "should be flexible enough to [allow consideration of] evidence including letters, affidavits, and other

material that would not be admissible in an adversary criminal trial." *Id.* at 489. States may also develop "other creative solutions to the practical difficulties of the *Morrissey* requirements." *Gagnon v. Scarpelli*, 411 U.S. 778, 782 n.5 (1973). Compared with the Confrontation Clause, due process offers a limited right to confront witnesses in parole hearings. *U.S. v. Harris*, 112 F.4th 624, 627 (8th Cir. 2024); *U.S. v. Lloyd*, 566 F.3d 341, 343 (3d Cir. 2009).

Applicant complains that the witnesses' appearance via Zoom deprived him of his right to confront them. But he did confront and cross-examine the witnesses, just not in his preferred way—in person. He asserts that *Morrissey* required good cause for allowing the witnesses to testify remotely. *See Morrissey*, 408 U.S. at 489. But that passage requires good cause for denying confrontation; it does not require good cause for allowing less-than-ideal confrontation. He argues that in-person confrontation is more effective than confrontation via videoconference, but even assuming that to be so, it does not show that his due process right to confrontation was violated. *See Snyder*, 291 U.S. at 116-17 (noting that due process does not demand "ideal" process). As far as the record shows, he could see, hear, and cross-examine the witnesses in real time, so his due process right to confront the witnesses was honored. *See Wilkins v. Timmerman-Cooper*, 512 F.3d 768, 776 (6th Cir. 2008) (upholding conclusion that testimony in revocation hearing held via videoconference was functional equivalent of live testimony). We agree with the State that parole-revocation hearings held via Zoom are a creative solution

that may address the practical difficulties of meeting *Morrissey*'s requirements. *See Scarpelli*, 411 U.S. 782 at n.5.

## III.  Conclusion

The Sixth Amendment did not apply to Applicant's parole revocation hearings, and his limited due process right to confront the witnesses in those hearings was honored by their appearance via Zoom.   Accordingly, we deny relief.


Delivered:   March 26, 2025

Publish