**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3945
_____

UNITED STATES OF AMERICA

v.

ULYESSIE HUGGINS,
Appellant
_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3-11-cr-00031-001)
District Judge: Hon. Robert D. Mariani
_____

Submitted Under Third Circuit LAR 34.1(a)
October 4, 2016
_____

Before: SHWARTZ, GREENBERG, and ROTH, Circuit Judges.

(Filed:  November 14, 2016)

_____

OPINION[*]
_____

SHWARTZ, Circuit Judge.

---

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

Ulyessie Huggins appeals from the District Court's judgment revoking his supervised release. Because Huggins' counsel is of the opinion that there is no basis for an appeal, he has filed a motion to withdraw pursuant to Anders v. California, 386 U.S. 738 (1967). We agree with counsel and will grant his motion and affirm.

I

Huggins pleaded guilty to one count of possession with intent to distribute cocaine and cocaine base (crack), 21 U.S.C. § 841(a)(1), and was sentenced to 60 months' imprisonment followed by six years of supervised release. Huggins was released from prison on October 15, 2013, and began his term of supervised release.

Approximately six weeks later, Huggins was arrested in Scranton, Pennsylvania for selling heroin to an undercover police officer.[1] Following this arrest, the Government obtained a warrant based on Huggins' alleged violation of the condition of supervised release that forbade him from committing a state crime. See 18 U.S.C. § 3583(d). The warrant was executed and Huggins appeared for a hearing.

At the hearing, Huggins admitted that he violated the conditions of his supervised release by committing a state crime. The District Court revoked Huggins' term of supervised release and, after hearing from both defense counsel and Huggins, imposed a sentence of 20 months' imprisonment.

Huggins filed, pro se, a timely notice of appeal, and his counsel filed a brief

---

[1] Huggins ultimately pleaded guilty to unlawful possession of a controlled substance and drug paraphernalia in the Lackawanna Court of Common Pleas.

pursuant to <u>Anders</u>, 386 U.S. at 738, stating that there are no non-frivolous grounds for an appeal, and a motion to withdraw.

II[2]

A

"Third Circuit Local Appellate Rule 109.2(a) reflects the guidelines the Supreme Court promulgated in <u>Anders</u> to assure that indigent clients receive adequate and fair representation." <u>United States v. Youla</u>, 241 F.3d 296, 300 (3d Cir. 2001). Rule 109.2(a) allows defense counsel to file both a motion to withdraw and a brief pursuant to <u>Anders</u> when counsel concludes that "the appeal presents no issue of even arguable merit." When counsel submits an <u>Anders</u> brief, we must determine: "(1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." <u>Youla</u>, 241 F.3d at 300 (citing <u>United States v. Marvin</u>, 211 F.3d 778, 780 (3d Cir. 2000)). To determine whether counsel has fulfilled the rule's requirements, we examine the brief to see if it: (1) shows that counsel has thoroughly examined the record in search of appealable issues, identifying those that arguably support the appeal even if wholly frivolous, <u>Smith v. Robbins</u>, 528 U.S. 259, 285 (2000); and (2) explains why the issues are frivolous, <u>Marvin</u>, 211 F.3d at 780–81. If

---

[2] The District Court had jurisdiction under 18 U.S.C. §§ 3231 and 3583(e)(3). We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We exercise plenary review to determine whether there are any non-frivolous issues for appeal. <u>Penson v. Ohio</u>, 488 U.S. 75, 80 (1988).

3

these requirements are met, we need not scour the record for issues and the <u>Anders</u> brief guides our review. <u>Youla</u>, 241 F.3d at 300–01.

Counsel's <u>Anders</u> brief satisfies both elements and an independent review of the record reveals no non-frivolous issues. First, the brief demonstrates a thorough examination of the record in search of appealable issues. It identifies potential issues concerning the District Court's jurisdiction, the voluntariness of Huggins' admission to the violation of the conditions of his supervised release, and the reasonableness of the revocation sentence. Second, the brief explains why a challenge to these issues is frivolous. Counsel's <u>Anders</u> brief is therefore sufficient and we will proceed to review these issues.

B

As counsel notes, there is no question that the District Court had jurisdiction to revoke the term of supervised release and impose a prison sentence under 18 U.S.C. § 3583(e)(3) since it had jurisdiction to adjudicate the underlying conviction under 18 U.S.C. § 3231.

Before a district court may revoke a term of supervised release, the person alleged to have violated the terms of his release is entitled to a preliminary hearing, followed by a revocation hearing, at which the person has the right to notice, counsel, question adverse witnesses, and present evidence on the alleged violation and in mitigation. Fed. R. Crim. P. 32.1(b). A hearing is not required if the person waives it. <u>Id.</u> at 32.1(c)(2)(A).

4

Because Huggins waived the hearing and admitted to the violation, our review of the District Court's finding that there was a violation is generally limited to whether the admission was counseled and voluntary.[3] See United States v. Broce, 488 U.S. 563, 569 (1989) (holding that the review of a final judgment of conviction based on a guilty plea is generally limited to the question of whether the plea was both voluntary and counseled). In the context of a supervised release revocation hearing, the voluntariness of a defendant's waiver of rights is based on the "totality of the circumstances." United States v. Manuel, 732 F.3d 283, 291 (3d Cir. 2013). This standard does not mandate "rigid or specific colloquies with the district court;" it simply requires that the district court advise the "person on supervised release of both the rights afforded him [ ] and the consequences of relinquishing those rights." Id. (internal quotation marks and citations omitted).

Huggins' admission that he sold drugs during the term of his supervised release was knowing and voluntary. Huggins was counseled and aware of the charge and consequences of a violation before he made the admission. To this end, the District Court informed Huggins that if he admitted to the charge, the District Court would be required to revoke his supervised release and the only question before the Court would be the sentence to impose for the violation. See 18 U.S.C. § 3583(g) (revocation is

---

[3] As a result, we would not review whether there is sufficient proof of the violation. That said, aside from Huggins' admission that he sold drugs, his state-court convictions for possessing a controlled substance and possessing drug paraphernalia, incurred during his term of supervised release, independently proved the violation. See United States v. Lloyd, 566 F.3d 341, 344 (3d Cir. 2009); U.S.S.G § 7B1.1(a)(1).

mandatory if defendant is found to have possessed a controlled substance); United States v. Bungar, 478 F.3d 540, 544 (3d Cir. 2007). Moreover, Huggins' counsel stated that based on her discussions with her client, she believed that Huggins understood the consequences of admitting to a violation of the terms of supervised release. Finally, Huggins said he understood the consequences of violating his conditions of release.

Huggins was also told that he could have a hearing on the violation and he voluntarily waived it. The District Court engaged Huggins in a colloquy to ensure that he did not waive the hearing out of a misplaced fear of further prosecution that might result from challenging the evidence of his violation. Huggins stated that he both understood that the Government would not hold his prior drug convictions against him should he choose to have such a hearing and that he was admitting to his conduct and waiving the hearing because "[y]our honor, I am taking responsibility for my actions." App. 55. Thus, the record shows that Huggins knew the charge, understood the consequences of his admission that he violated his terms of supervised release, and knowingly and voluntarily waived a hearing and admitted his guilt. Therefore, there is no non-frivolous argument on this issue.

There are also no non-frivolous arguments concerning the reasonableness of the revocation sentence. Reasonableness encompasses both procedural and substantive components. Gall v. United States, 552 U.S. 38, 51 (2007); United States v. Tomko, 562 F.3d 558, 567 (3d Cir. 2009) (en banc). With respect to our review for procedural reasonableness, we examine whether a district court followed the three-step procedure set

6

forth in United States v. Gunter, 462 F.3d 237 (3d Cir. 2006), which requires calculating a defendant's sentence under the Guidelines, ruling on departure motions, and "exercise[ing] [its] discretion by considering the relevant [sentencing] factors." Id. at 247 (internal citations, quotations, and alterations omitted); Tomko, 562 F.3d at 577 n.16. In this regard, 18 U.S.C. § 3553(a)[4] provides the factors that guide a court in imposing a sentence, and we consider "whether the record as a whole reflects rational and meaningful consideration of [these] factors . . . ." United States v. Grier, 475 F.3d 556, 571 (3d Cir. 2007) (en banc). In the context of a violation of the terms of supervised release, the sentence is imposed "primarily to sanction the defendant's breach of trust while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator." Bungar, 478 F.3d at 544 (internal quotation marks and citations omitted).

The District Court followed Gunter's three-step procedure. First, the District Court correctly found that, pursuant to U.S.S.G. § 7B1.1(a)(1), Huggins committed a Grade A violation of the terms of his supervised release, and that, in light of his criminal history, he faced an advisory Guidelines range of 18 to 24 months. U.S.S.G. § 7B1.4(a).

---

[4] When a court is imposing a sentence arising out of a revocation of supervised release, the court need not consider two of the § 3553(a) factors: (a)(2)(A), the need for the sentence imposed "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"; and (a)(3), "the kinds of sentences available." See 18 U.S.C. § 3583(e); United States v. Young, 634 F.3d 233, 239 (3d Cir. 2011) ("[T]he fact that § 3583(e) does not require that courts consider §[§] 3553(a)(2)(A)[, and (a)(3)] does not mean that courts are forbidden to consider [those] factor[s], and the fact that a sentencing court does consider [them] is not error.") (internal quotation marks omitted).

Second, the District Court considered and denied Huggins' request for a downward departure from the Guidelines because of his history of recidivism.

Third, the District Court imposed a sentence "for reasons that are logical and consistent with the factors set forth" in § 3553(a). United States v. Styer, 573 F.3d 151, 154-55 (3d Cir. 2009) (quoting U.S. v. Cooper, 437 F.3d 324, 330 (3d Cir. 2006)). Specifically, the District Court balanced Huggins' breach of trust as demonstrated by his supervised release violation just six weeks after his release from prison, and his history of recidivism, see 18 U.S.C. § 3553(a)(1), against Huggins' personal circumstances warranting mitigation, including the lack of a violent criminal record, his homelessness upon release from prison, the lack of halfway house support upon release, and his efforts to reestablish a relationship with his family. The District Court concluded that it would have imposed a sentence at the maximum end of the Guidelines range—24 months— because of Huggins' history of recidivism, but granted leniency based on these mitigating factors. The sentence imposed is thus procedurally reasonable and there is no non-frivolous argument on this issue.

Finally, we review the sentence for substantive reasonableness and will defer to a sentencing court's determination "unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." Tomko, 562 F.3d at 568. Because Huggins admitted to selling a controlled substance, the District Court was required to revoke his term of supervised release and impose a prison sentence. 18 U.S.C. § 3583(g); Bungar, 478 F.3d at 544. In light of this

8

requirement, Huggins' criminal history, and the nature and timing of his violation, we cannot say that no reasonable sentencing court would have imposed a 20 month prison sentence. Thus, there is no non-frivolous argument with respect to the substantive reasonableness of Huggins' sentence.

III

For the foregoing reasons, we will affirm the District Court's judgment and grant counsel's motion to withdraw.