**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1155
_____

UNITED STATES OF AMERICA

v.

CALVIN JAMAR HILL-GAMBLE,
                    Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Crim. No. 1-04-cr-00166-001)
District Judge: Honorable Christopher C. Conner
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
September 8, 2016
_____

Before: JORDAN, VANASKIE, and KRAUSE, *Circuit Judges*.

(Opinion Filed: February 14, 2017)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

VANASKIE, *Circuit Judge*.

This appeal arises from the revocation of a term of supervised release and the imposition of a 30-month term of imprisonment. After filing this appeal, Calvin Hill-Gamble's counsel filed a Motion for Leave to Withdraw as Counsel and submitted an *Anders* Brief in support of the Motion. Hill-Gamble has failed to submit any document to this Court highlighting a potential appealable issue. Because Hill-Gamble expressly waived his right to a revocation hearing, he admitted to Grade A violations of his conditions of supervised release, and the District Court's sentence was substantively and procedurally reasonable, we will affirm.

## I.

On September 8, 2004, Hill-Gamble pleaded guilty to charges of possessing a firearm in furtherance of a crime of violence, 18 U.S.C. § 924(c) – a Class A felony – and distributing and possessing with the intent to distribute five grams or more of cocaine base, 21 U.S.C. § 841(a)(1) – a Class B felony.[1] On January 28, 2005, the District Court sentenced Hill-Gamble to a prison term of 108 months, to be followed by a 60-month period of supervised release. Hill-Gamble began his supervision on December 21, 2012.

---

[1] The classification of offenses not otherwise specified is governed by 18 U.S.C. § 3559. Because Hill-Gamble's firearms offense carried a maximum prison term of life, it is graded as a Class A felony, 18 U.S.C. § 3559(a)(1). His drug offense carried a Class B designation because the maximum term of imprisonment for that crime exceeded 25 years. 18 U.S.C. § 3559(a)(2). As will be made clear later in this opinion, an offense's classification affects the United States Sentencing Guidelines advisory imprisonment range upon revocation of supervised release.

On August 22, 2014, a Swatara Township police officer stopped a vehicle in which Hill-Gamble was a passenger. Two other individuals were in the vehicle with Hill-Gamble. As the officer approached the vehicle, Hill-Gamble and the other passenger fled on foot. The officer took the driver into custody. A search of the vehicle revealed a bag of cocaine base and heroin, three handguns, five pairs of gloves, three black masks, and a bag of ammunition. Eight days later, police arrested Hill-Gamble, charging him with firearm and drug offenses under state law. After a trial in state court in October 2015, a jury found Hill-Gamble guilty of the firearm and drug offenses.

Based upon Hill-Gamble's state court convictions on the firearm and drug offenses, the United States Probation Office petitioned for revocation of supervised release. The District Court held a revocation hearing on January 7, 2016.

At the revocation proceeding, the District Court conducted a colloquy, assuring that Hill-Gamble understood the nature of the proceedings and his rights. Hill-Gamble waived his right to a hearing and admitted to Grade A violations of the terms of his supervised release. Given Hill-Gamble's criminal history category of III and his admission of Grade A violations, the advisory Sentencing Guidelines imprisonment range for his underlying Class A felony was 30 to 37 months, and the advisory range for his Class B felony was 18 to 24 months. *See* U.S.S.G. § 7B1.4(a). After listening to the prosecutor, defense counsel, Hill-Gamble, and Hill-Gamble's mother, the District Court revoked supervised release and imposed a prison term of 30 months on the underlying Class A felony, and a prison term of 18 months on the underlying Class B felony, to be

served concurrently but consecutive to Gamble-Hill's state court sentence. This appeal followed.[2]

## II.

Hill-Gamble's counsel seeks permission to withdraw pursuant to the Supreme Court's decision in *Anders v. California*, 386 U.S. 738 (1967), and Rule 109.2 of this Court's Local Appellate Rules. Consistent with the *Anders* decision, counsel for a defendant may seek to withdraw in this Court if, after reviewing the District Court record, he or she is "persuaded that the appeal presents no issue of even arguable merit." 3d Cir. L.A.R. 109.2(a). To do so, counsel is required "(1) to satisfy the court that counsel has thoroughly examined the record in search of appealable issues, and (2) to explain why the issues are frivolous." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001) (citation omitted). Our responsibility is to determine "(1) whether counsel adequately fulfilled [Rule 109.2(a)'s] requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." *Id.* (citations omitted). When reviewing the record, "we confine our scrutiny to those portions of the record identified by an adequate *Anders* brief" and "those issues raised in Appellant's pro se brief." *Id.* at 301.

Though he was informed of his right to file a pro se brief, Hill-Gamble has failed to submit any document to this Court since his notice of appeal. Hill-Gamble's counsel,

---

[2] The District Court had jurisdiction under 18 U.S.C. §§ 3231 and 3583. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

4

however, has examined the record and identified four potentially appealable issues: (1) the jurisdiction of the court, (2) the adequacy of the proof underlying the violation, (3) the voluntariness of the admission to the violation, and (4) the reasonableness of the sentence. As discussed below, we find that Hill-Gamble's counsel has identified all appealable issues and that there are no non-frivolous issues for appeal.

## A. The District Court's Jurisdiction

Because the conduct underlying Hill-Gamble's 2004 federal conviction occurred within the Middle District of Pennsylvania, the District Court had jurisdiction under 18 U.S.C. § 3231. In connection with Hill-Gamble's sentence in that matter, the District Court had the authority to terminate, extend, revoke, or modify Hill-Gamble's term of supervised relief, pursuant to 18 U.S.C. § 3583(e). Accordingly, we find that there is no basis to challenge the District Court's jurisdiction.

## B. Adequacy of Proof of the Supervised Release Violation

Before revoking a term of supervised release, the District Court was required to "find[] by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3). Here, Hill-Gamble admitted to Grade A violations of his terms of supervised release. Moreover, even without the admission, Hill-Gamble's state court conviction for the state firearm and drug offenses would have been adequate proof as to the supervised release violations. *See United States v. Lloyd*, 566 F.3d 341, 344 (3d Cir. 2009). Therefore, we also find that any challenge to the adequacy of proof underlying the revocation of supervised release would be meritless.

5

## C. Voluntariness of the Admission

Because Hill-Gamble admitted to violating the terms of his supervised release, this "inquiry is . . . confined to whether the underlying plea was both counseled and voluntary." *United States v. Broce,* 488 U.S. 563, 569 (1989). We assess whether an admission to violating supervised release was knowing and voluntary given the totality of the circumstances. *See United States v. Hodges*, 460 F.3d 646, 652 (5th Cir. 2006).

Hill-Gamble was represented by counsel, and the District Court conducted a thorough colloquy, assuring that Hill-Gamble understood the nature of the proceedings and his rights. The District Court also confirmed that Hill-Gamble desired to waive his right to a revocation hearing and to admit to Grade A violations. Hill-Gamble explained that he was remorseful and disappointed in himself for violating the terms of supervised release, and asked for leniency at sentencing. In light of these facts, we find that any claim that Hill-Gamble did not knowingly and voluntarily admit the supervised release violation would be frivolous.

## D. Reasonableness of the Sentence

Finally, we find that any attack on the reasonableness of the sentence would be meritless. In the context of revocation sentences, we examine the record to determine whether the District Court gave meaningful consideration to the factors set forth in 18 U.S.C. § 3553(a) and § 3583(e). *See United States v. Bungar,* 478 F.3d 540, 542-44 (3d Cir. 2007) (citations omitted). We must also be satisfied that the "sentencing court . . . reasonably applied those factors to the circumstances of the case." *Id.* at 543. Our

6

review of the record confirms that the District Court gave adequate consideration to all the pertinent factors and articulated a rational explanation for why the sentence it imposed in this matter was appropriate. We also note that the Sentencing Guidelines recommend that a revocation term of imprisonment be served consecutively to the conviction that has prompted revocation of supervised release. *See* U.S.S.G § 7B1.3(f). Under these circumstances, we conclude that any challenge to the reasonableness of the revocation sentence would be frivolous.

## III.

For the reasons set forth herein, we will affirm the judgment of the District Court and grant the request to withdraw as counsel.