**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2439
_____

UNITED STATES OF AMERICA

v.

PASCUAL COLON, also known as PACO,
Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 3-06-cr-573-004)
District Judge:  Honorable Michael A. Shipp
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
January 27, 2020
_____

Before:  CHAGARES, RESTREPO, and BIBAS, <u>Circuit</u> <u>Judges</u>

(Filed: February 13, 2020)

_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

CHAGARES, Circuit Judge.

While serving a term of supervised release, Pascual Colon pleaded guilty in state court to a single count of robbery. After serving his state sentence, Colon appeared before the District Court and pleaded guilty to violating the terms of his supervised release by committing that state criminal offense. Colon now appeals the District Court's sentence imposed for that violation. We will affirm.

I.

We write for the parties and so recount only the facts necessary to our decision. Colon was convicted in the District Court of conspiracy to possess with intent to distribute crack cocaine and sentenced in 2008 to 96 months of imprisonment and four years of supervised release. In 2016, after Colon violated the terms of his supervised release for the first time, the District Court revoked his supervised release and sentenced him to eight months of imprisonment and a year of supervised release.

Colon's new term of supervised release began on September 14, 2016. On April 11, 2017, Colon was arrested in Pennsylvania and charged with robbery, among other offenses. Colon subsequently pleaded guilty to a single count of robbery arising out of that arrest, and on November 13, 2017, he was sentenced to 12 to 24 months of imprisonment.

After Colon's Pennsylvania arrest, the District Court ordered the issuance of a warrant for violation of supervised release on April 27, 2017. But despite Colon's efforts to have this warrant acted upon during his time in state custody, Colon remained in state

custody until he completed serving his state sentence and was finally released to the federal detainer on April 10, 2019, nearly two years after his arrest on the state charges.

Colon pleaded guilty to violating the terms of his supervision by committing a new criminal offense on June 18, 2019. To determine an appropriate sentence for the violation, the District Court considered competing arguments by the parties as to whether Colon's Pennsylvania robbery conviction constituted a Grade A violation, because it was a crime of violence, or a Grade B violation, because it could be committed without violence. The Government contended that the police report in the record supported a finding that Colon's conduct constituted a crime of violence in this case. Relying on the police report's indication that the robbery victim had to go to the hospital as a result of the robbery, the District Court concluded that Colon committed a crime of violence and thus a Grade A violation.

Given the finding of a Grade A violation and Colon's criminal history category of IV, Colon faced an advisory guidelines range of 24 to 30 months of imprisonment, and a statutory range of 0 to 36 months.

The Government sought a sentence of 30 months of imprisonment with no reduction for the time Colon spent in state custody on the underlying robbery offense, given the crime's violence and the fact that this was Colon's second violation of supervised release. Colon contended that he should receive a variance for the delay in prosecution of the revocation proceeding, which caused him to serve his entire state sentence without parole and denied him the ability to argue for a partially concurrent federal sentence. The District Court did not expressly address Colon's variance request

3

but relied upon the nature and circumstances of the violation and Colon's repeated violations of supervised release to impose a sentence of 30 months of imprisonment and no further supervised release. This timely appeal followed.

## II.[1]

Colon raises two grounds for appeal. First, he contends that the District Court clearly erred by relying on facts from the police report to establish that the robbery was a crime of violence. Second, Colon argues that the District Court failed to balance properly the 18 U.S.C. § 3553(a) sentencing factors by giving him (in effect) a consecutive, rather than concurrent, sentence in relation to the underlying state conviction.

## A.

"In scrutinizing a sentence imposed, we review a district court's legal conclusions regarding the Guidelines *de novo*, its application of the Guidelines to the facts for abuse of discretion, and its factual findings for clear error." United States v. Carter, 730 F.3d 187, 190 (3d Cir. 2013) (quotation marks omitted). Colon argues first that the District Court clearly erred by relying on facts from an uncorroborated police report to find that his Pennsylvania state robbery conviction constituted a crime of violence, and thus, a Grade A violation of supervised release.

Colon's statute of conviction provides that "[a] person is guilty of robbery if, in the course of committing a theft, he . . . physically takes or removes property from the person of another by force however slight[.]" 18 Pa. Cons. Stat. § 3701(a)(1)(v). For

---

[1] The District Court had jurisdiction under 18 U.S.C. §§ 3231 and 3583(e), and we have appellate jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

4

their part, the advisory federal Sentencing Guidelines provide that supervised release violations are to be graded by their level of severity. Grade B violations involve "conduct constituting any other federal, state, or local offense punishable by a term of imprisonment exceeding one year[,]" while Grade A violations include the same type of conduct, where — as relevant here — that conduct also constitutes a "crime of violence." U.S.S.G. § 7B1.1(a)(1)–(2).

To determine whether a defendant's conduct constitutes a crime of violence in the context of a revocation proceeding, district courts do not examine just the elements of the charged offense or crime of conviction but instead look to "the defendant's actual conduct[.]" Carter, 730 F.3d at 192 (emphasis omitted) (quoting U.S.S.G. § 7B1.1 cmt. n.1). The Government must prove violation-related conduct by a preponderance of the evidence. United States v. Dees, 467 F.3d 847, 854–55 (3d Cir. 2006). Although evidence considered by the court in the sentencing context need not be admissible, a district court "must base its determination on information that ha[s] sufficient indicia of reliability to support its probable accuracy." United States v. Rowe, 919 F.3d 752, 762 n.8 (3d Cir. 2019) (alteration in original) (quotation marks omitted).

Colon contends that the District Court improperly relied on uncorroborated hearsay in the police report to find that Colon's conviction constituted a crime of violence, and failed to assess independently the report's reliability or require extrinsic corroboration. But Colon neither attempted to rebut any specific aspect of the report nor offered any basis for casting doubt about the accuracy of the contents of the report. For example, Colon does not point to any potential internal inconsistencies or other facial

5

problems with the police report. See, e.g., United States v. Lloyd, 566 F.3d 341, 346 (3d Cir. 2009) (identifying two specific "indicia of unreliability" casting doubt on the reliability of the contents of a violation report: multiple layers of hearsay and reliance upon statements by the defendant's "ex-girlfriend" (emphasis omitted)). Here, the police report indicates that the investigating officers observed "fresh blood" at the crime scene, which the officers photographed. Appendix ("App.") 41. The officers also interviewed the victim at a hospital emergency room, where they observed him bleeding from the face and wearing a neck brace.

Absent any affirmative reason to doubt the reliability of the officers' observations of the crime scene and the victim's physical condition shortly after the crime was committed, the District Court did not clearly err in relying on the police report to find that Colon's conduct constituted a crime of violence. Accordingly, this ground for appeal lacks merit.

B.

Next, Colon argues that the 30-month term of imprisonment was an abuse of discretion because the District Court failed to consider meaningfully the 18 U.S.C. § 3553(a) sentencing factors, including by failing to address his request for a variance.

We review the substantive reasonableness of Colon's sentence under an abuse of discretion standard. United States v. Woronowicz, 744 F.3d 848, 851 (3d Cir. 2014). But "when a party wishes to take an appeal based on a procedural error at sentencing— such as the court's failure to meaningfully consider that party's arguments or to explain one or more aspects of the sentence imposed—that party must object to the procedural

6

error complained of after sentence is imposed in order to avoid plain error review on appeal." United States v. Flores-Mejia, 759 F.3d 253, 255 (3d Cir. 2014). Because Colon contends that the District Court failed to consider his request for a variance but did not object to that claimed procedural error after sentence was imposed, we review this part of his claim for plain error. We address Colon's variance-related claim first, before turning to the question of the substantive reasonableness of his sentence.

We "can correct an error not raised at trial where (1) the district court erred; (2) the error was clear or obvious; and (3) the error affected the appellant's substantial rights, which typically means that there is a reasonable probability that the error affected the outcome of the proceedings." United States v. Foster, 891 F.3d 93, 113 n.15 (3d Cir. 2018) (quotation marks omitted). "If those three conditions are met, we then have discretion to remedy the error, and we exercise this discretion only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. (quotation marks omitted).

At the core of Colon's request for a variance was his contention that the District Court should "vary downward from his [advisory] Guidelines range to account for the time he spent in state custody awaiting prosecution of the federal revocation proceedings." Colon Br. 21 (citing App. 24, 44–45, 66–69). Colon asserts that as a result of the delay in federal prosecution while in state custody, he "lost the ability to argue that his federal sentence should run at least partially concurrent with his state sentence." Id.

But the Sentencing Commission's advisory instruction recommends that "[a]ny term of imprisonment imposed upon the revocation of probation or supervised release

7

shall be ordered to be served <u>consecutively</u> to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release." U.S.S.G. § 7B1.3(f) (emphasis added). Accordingly, while the District Court had discretion to impose a concurrent sentence (or in this case, a sentence that would have in effect operated as a concurrent sentence by giving credit for the time spent in state custody), the court did not plainly err by implicitly following the Commission's advisory instruction that the sentence run consecutively. The District Court's decision not to address explicitly the request for a variance is not in and of itself indicative of an error, much less plain error. See <u>United States v. Bungar</u>, 478 F.3d 540, 543 (3d Cir. 2007) (holding that a sentencing "court need not . . . discuss a defendant's clearly nonmeritorious arguments").

Nor was the sentence imposed substantively unreasonable. Colon's sentence fell within his advisory range. "Because there is no procedural error, and the District Court imposed a within-Guidelines sentence, we may presume the substantive reasonableness of its decision." <u>United States v. Freeman</u>, 763 F.3d 322, 340 (3d Cir. 2014). And here, the District Court explained clearly the reasons underlying the 30-month sentence, focusing on the fact that Colon's victim had to be hospitalized for his injuries and on Colon's recidivism, providing further support for the substantive reasonableness of the sentence. Accordingly, the District Court did not abuse its discretion or otherwise err in fashioning Colon's sentence. We have considered Colon's other arguments and find them unavailing.

III.

For the foregoing reasons, we will affirm the District Court's judgment of sentence.