**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 24-1962

_____

UNITED STATES OF AMERICA

v.

JAMAR CLAYBORNE WILLIAMS, SR.,
Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(District Court No. 3:22-cr-00404-001)
District Judge: Honorable Malachy E. Mannion

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on November 12, 2024

Before: RESTREPO, MONTGOMERY-REEVES, and AMBRO, *Circuit Judges*

(Filed: February 4, 2025)

_____

OPINION[*]

_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

RESTREPO, *Circuit Judge*

Appellant Jamar Clayborne Williams, Sr. ("Williams") appeals his conviction and sentence. Williams admitted to violating the terms of his supervised release and was sentenced to one year and one day in prison. Williams' appellate counsel filed an *Anders*[1] brief and requested leave to withdraw. For the reasons that follow, we will grant counsel's motion to withdraw and affirm the District Court's conviction and judgment of sentence.

**I.**[2]

In May 2015, Williams was charged with possession with the intent to distribute dimethylone.[3] He pleaded guilty and, in July 2015, was sentenced by Judge Bennett of the U.S. District Court for the District of Maryland to a term of 120 months in prison to be followed by three years of supervised release. Six years later, the District Court granted Williams' emergency motion for compassionate release, amending his sentence to time served with three years of supervised release. The District Court transferred jurisdiction of Williams to the U.S. District Court for the Middle District of Pennsylvania. Williams began his supervised release on August 9, 2021.

Williams' release conditions included: refraining from "commit[ting] another federal, state or local crime"; refraining from unlawful use or possession of controlled substances; submitting to periodic drug testing; and notifying his probation officer of any

---

[1] *Anders v. California*, 386 U.S. 738 (1967).
[2] As we write for the benefit of the parties, who are familiar with the background of this case, we set out only the facts and procedural history necessary for the discussion that follows.
[3] 21 U.S.C. § 841(a)(1).

2

arrests or contact with a law enforcement officer within 72 hours. Over the next three years, and on five occasions, Williams pleaded guilty to state crimes as documented in the supervised-release-violation petition.

On May 7, 2024, the District Court held a revocation hearing for Williams. Counsel for Williams reviewed the allegations with him. Williams declined the hearing and proceeded to plead guilty to the Class C violations of his supervised release. Williams did not raise any objections during this hearing. Williams now appeals his sentence and underlying conviction. Appointed appellate counsel, Jason F. Ullman, has filed an *Anders* brief and a motion to withdraw as counsel, which the government supports. Williams did not file a *pro se* informal brief in opposition.

## II.[4]

### A. Motion to Withdraw

Under *Anders*, appointed appellate counsel can request permission to withdraw as counsel if, following a "conscientious examination of [the record]," they determine that the appellant's case is "wholly frivolous," and there is nothing "in the record that might arguably support the appeal." 386 U.S. at 744. The Court must determine whether counsel "thoroughly examined the record in search of appealable issues," *United States v. Youla*,

---

[4] The United States District Court for the District of Maryland had jurisdiction over Williams' criminal prosecution under 18 U.S.C. § 3231. The United States District Court for the Middle District of Pennsylvania exercised jurisdiction over Williams' supervised release pursuant to 18 U.S.C. § 3605 and had jurisdiction to modify or revoke a term of supervised release pursuant to 18 U.S.C. § 3583(e) and (g). We have appellate jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We exercise plenary review in determining whether there are any nonfrivolous issues for appeal. *Simon v. Gov't of V.I.*, 679 F.3d 109, 114 (3d Cir. 2012).

241 F.3d 296, 300 (3d Cir. 2001), and ensured that the record is free of anything that "might arguably support the appeal." *Anders*, 386 U.S. at 744.

When counsel submits an *Anders* brief, this Court must determine "(1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." *Youla*, 241 F.3d at 300; *see also McCoy v. Ct. of Appeals of Wis., Dist. 1*, 486 U.S. 429, 438 n.10 (1988) (stating that an issue is frivolous if it "lacks any basis in law or fact").

Third Circuit Local Appellate Rule ("LAR") 109.2 requires appellant's counsel to serve the brief to both the government and the appellant. The government must file a response brief, and the appellant may file a *pro se* response brief. *Youla*, 241 F.3d at 300. If "the [appellate] panel agrees that the appeal is without merit, it will grant counsel's *Anders* motion, and dispose of the appeal without appointing new counsel." LAR 109.2(a).

In this case, Williams did not file a *pro se* response brief. A review of the record shows that appellate counsel has satisfied the requirements of both LAR 109.2 and *Anders*. Appellate counsel's review has not revealed any non-frivolous basis upon which Williams can appeal. We agree and will therefore grant counsel's motion to withdraw.

**B. Voluntariness of Williams' Guilty Plea**

In revoking a term of supervised release, a district court must find that a defendant violated the conditions of the release based on a preponderance of the evidence. *See* 18 U.S.C. § 3583(e)(3); *Johnson v. United States*, 529 U.S. 694, 700 (2000). If a defendant admits to violating the terms of his supervised release, the inquiry is confined to whether the plea was both counseled and voluntary. *United States v. Broce*, 488 U.S. 563, 569

4

(1989). To assess whether a plea is voluntary, the court must "make sure [the defendant] has a full understanding of what the plea connotes and of its consequence." *Boykin v. Alabama*, 395 U.S. 238, 244 (1969). This includes examining the "totality of the attendant circumstances [including] evidence that sheds light upon the target's comprehension of the charges against him and evidence as to his appreciation of the nature of the rights afforded him." *United States v. Manuel*, 732 F.3d 283, 291 (3d Cir. 2013) (alteration in original) (quoting *United States v. Hodges*, 460 F.3d 646, 652 (5th Cir. 2006)).

Here, the totality of the circumstances clearly suggests that Williams voluntarily entered his plea with a full understanding of its consequences. The District Court addressed Williams to ensure he understood the revocation proceedings and his rights. In addition, counsel verified his discussion with Williams regarding his right to a revocation hearing. After this colloquy, Williams waived his rights to a hearing, and pleaded guilty to the alleged Grade C violations of supervised release. We are therefore satisfied that Williams entered a counseled, voluntary plea to the Grade C violations of his supervised release.

## C. Williams' Challenge of his Conviction

Williams pleaded guilty in state court to five convictions arising out of the incidents documented in the supervised-release-violation petition. Proof of a subsequent state court criminal conviction is sufficient to establish a violation of supervised release. *See United States v. Lloyd*, 566 F.3d 341, 344 (3d Cir. 2009) (finding that defendant's guilty plea to a state charge of felon in possession of a firearm was sufficient to establish a violation and justify revocation). Here, the proof of Williams' five guilty pleas is more than adequate to

establish Grade C violations. As such, there is an adequate basis for the revocation of Williams' supervised release.

### D. Legality of Williams' Sentence

The legality of a sentence must be based on a set of reasonableness factors. 18 U.S.C. § 3553(a). This Court reviews the substantive reasonableness of a sentence for abuse of discretion. *See United States v. Woronowicz*, 744 F.3d 848, 851 (3d Cir. 2014). A sentencing court abuses its discretion only if "no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the [sentencing] court provided." *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009). "As long as a sentence falls within the broad range of possible sentences that can be considered reasonable in light of the [18 U.S.C.] § 3553(a) factors, we must affirm." *United States v. Wise*, 515 F.3d 207, 218 (3d Cir. 2008).

Here, the District Court accurately calculated the statutory and Guidelines ranges. The Guidelines revocation range, based on Mr. Williams' Criminal History Category of VI, was between eight and fourteen months if convicted of any Grade C violations; and between twenty-one and twenty-seven months, capped at the statutory maximum of 2 years imprisonment, if convicted of any Grade B violations. *See* U.S.S.G. § 7B1.4(a).

The District Court heard defense counsel, Williams, and the Government on the 18 U.S.C. § 3553(a) and § 3583(e) sentencing factors. The court considered these arguments and adequately addressed the sentencing factors while propounding a sentence. Ultimately, the sentence was within the Guidelines range and below the statutory maximum of two

years. Nothing in the record supports a challenge to Williams' sentence, and we therefore affirm the District Court's sentence of one year and one month.

## III.

For the foregoing reasons, we will grant counsel's motion to withdraw and affirm Williams' judgment of conviction and sentence.