NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 24-2069

_____

UNITED STATES OF AMERICA

v.

DONTE PARRISH,

      Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1:05-cr-00417-001)
District Judge: Honorable Yvette Kane

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on February 20, 2025

Before: CHAGARES, *Chief Judge*, and BIBAS and FISHER, *Circuit Judges*

(Filed: February 21, 2025)

_____

OPINION*

_____

BIBAS, *Circuit Judge*.

In 2006, Donte Parrish pleaded guilty in federal court to possessing a gun in furtherance

of drug trafficking. He was sentenced to fifteen years in prison. In 2020, he was let out on

three years' supervised release. But two years later, he went to a bar, threatened bar patrons

_____

* This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding
precedent.

with a gun, drove away while intoxicated, crashed the car, was arrested, and grabbed a sheriff's deputy by the throat. These state crimes violated Parrish's federal supervised release. So the District Court revoked his supervised release and imposed a new 55-month prison term. Parrish now appeals.

Parrish's court-appointed counsel filed an *Anders* brief, moving to withdraw on the grounds that any appeal would be frivolous. *See* 3d Cir. L.A.R. 109.2(a) (citing *Anders v. California*, 386 U.S. 738 (1967)). Parrish also filed his own pro se brief. Having reviewed the briefs and the record, we agree with court-appointed counsel. So we will affirm and grant counsel's motion to withdraw.

The *Anders* brief here is "adequate on its face." *United States v. Youla*, 241 F.3d 296, 301 (3d Cir. 2001). It shows that counsel reviewed the record thoroughly in search of appealable issues. So though we still review the record ourselves, counsel's analysis lights our way. *See id.* Counsel identifies four possible issues for appeal. We see no others. And none has merit.

*First*, there is no question about jurisdiction. The District Court had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction under 28 U.S.C. § 1291 and § 3742(a). Parrish seems to argue that the District Court lacked jurisdiction because he was detained past his original-supervised release date while awaiting sentencing for revocation. But the judiciary had the authority to revoke supervised release and detain him. 18 U.S.C. §§ 3143(a)(1), 3583(e)(3); Fed. R. Crim. P. 32.1(a)(6). And nothing in the relevant statutes says that the District Court must hold the revocation hearing before the initial supervised-release term expires.

*Second*, the revocation hearing satisfied due process. Parrish had a right to notice in writing of the alleged violations, "disclosure … of [the] evidence against him," a chance "to be heard in person" and to put on witnesses and documents, "the right to confront and cross examine adverse witnesses," a neutral judge, and a written explanation of reasons and supporting evidence for revoking supervised release. *United States v. Maloney*, 513 F.3d 350, 356 (3d Cir. 2008) (quoting *Gagnon v. Scarpelli*, 411 U.S. 778, 786 (1973)); Fed. R. Crim. P. 32.1(b)(2). The revocation hearing respected all those rights. The Probation Office petitioned for a warrant to notify Parrish of the crimes that allegedly violated his supervised release. At his initial appearance, the magistrate judge ordered him detained. Parrish appeared in person for his final revocation hearing, where the government called live witnesses and Parrish's counsel cross-examined them. A neutral judge presided over the hearing and provided a written explanation of the decision. The same judge then held a sentencing hearing and imposed the revocation sentence. So Parrish got the process he was due.

*Third*, the District Court properly found that Parrish had committed the violation by a preponderance of the evidence. We review its legal rulings de novo, its factual findings for clear error, and the ultimate decision for abuse of discretion. *Maloney*, 513 F.3d at 354. The deputy sheriff testified that Parrish had grabbed him by the throat after repeatedly ignoring his commands. And another officer testified that Parrish had threatened to kill "the first correctional officer that wasn't doing what he wanted them to do." App. 35. Parrish challenges the deputy sheriff's version of events, saying he was just defending himself.

But the District Court chose to believe the deputy sheriff. That credibility finding was not clearly wrong.

Though Parrish objects that the court also considered hearsay, namely the police report, the court properly overruled that objection and exercised its discretion to let the report supplement the live witnesses. *See United States v. Lloyd*, 566 F.3d 341, 345 (3d Cir. 2009) (explaining that "the releasee's interest in confrontation may be overwhelmed by the hearsay's reliability such that the Government need not show cause for a declarant's absence"); *see also* Fed. R. Crim. P. 32.1(b)(2)(C). Because the strangulation charge sufficed to support the Guidelines range, Parrish's objections to the other charges do not matter.

And the District Court properly found that Parrish's attack amounted to strangling the deputy sheriff. True, Parrish objected that the strangulation did not "seem to meet the standard of strangulation under Pennsylvania law." App. 48. Strangulation is "knowingly or intentionally imped[ing] the breathing or circulation of the blood of another person." 18 Pa. Cons. Stat. § 2718(a)(1). The deputy sheriff testified that the throat grab "was a squeeze, sir, but not enough that I lost my breath." App. 42. But the deputy also testified that his throat had a thumbprint on it and was red after the attack. Breathing could be impeded without being lost entirely. The testimony was enough for the District Court to find strangulation by a preponderance of the evidence.

*Fourth*, Parrish's sentence was procedurally and substantively reasonable. The District Court admitted that it had not read Parrish's sentencing memo. But Parrish did not object, so any review would be for plain error. *United States v. Flores-Mejia*, 759 F.3d 253, 255 (3d Cir. 2014) (en banc). There was no plain error: The error was not prejudicial because

both Parrish and his counsel made the key points at length at the hearing. Fed. R. Crim. P. 52(b). The court considered their arguments in the context of the seriousness of the violations. That process was reasonable. So too was the sentence, which fell within the Guidelines and was imposed for strangling a law-enforcement officer.

* * * * *

Our review of the record confirms that any appeal would be frivolous. We will affirm Parrish's revocation of supervised release and sentence, grant counsel's motion to withdraw, and excuse counsel from petitioning for rehearing or for certiorari. *See* 3d Cir. L.A.R. 35.4, 109.2(a)–(b).